**Ex Parte Robert VALLE,
Jr., Applicant.**

No. 74108.

Court of Criminal Appeals of Texas,
En Banc.

April 30, 2003.

Ward Casey, Fort Worth, for appellant.

Charles Mallin, Asst. DA, Fort Worth, Matthew Paul, State's Attorney, Austin, for state.

WOMACK, J., delivered the opinion of the Court, in which KELLER, P.J., and MEYERS, PRICE, JOHNSON, KEASLER, HERVEY and COCHRAN, JJ., joined.

This is an application for a post-conviction writ of habeas corpus under Code of Criminal Procedure article 11.07. The applicant, a juvenile, was adjudicated as having engaged in delinquent conduct by com-

mitting capital murder, and sentenced to thirty years' imprisonment. Because such an adjudication is not a final felony conviction for purposes of article 11.07, habeas corpus does not lie under that article's provisions for post-conviction relief from this Court.

After the adjudication and assessment of punishment in juvenile court, the applicant appealed to the court of appeals. The court affirmed the judgment,[1] and the Supreme Court of Texas denied the applicant a writ of error. The applicant also filed a petition for discretionary review with this Court contemporaneously with his filing in the Supreme Court. Because we do not have jurisdiction in direct appeals of juvenile matters, we did not accept the applicant's petition.

The applicant initially was committed to the Texas Youth Commission. Pursuant to the juvenile court's order, he served his sentence there until he reached the age of 17½ years, at which time the court conducted a transfer hearing pursuant to Family Code section 54.11. The court ordered the applicant to serve the remainder of his sentence in the Institutional Division of the Texas Department of Criminal Justice. The court of appeals affirmed the judgment of transfer,[2] and the Supreme Court refused the applicant's petition for review. The applicant now seeks habeas corpus relief from this Court under article 11.07.

Chapter 11 of the Code of Criminal Procedure generally governs habeas corpus proceedings in criminal cases. Article 11.01 defines the writ of habeas corpus as "the remedy to be used when any person is restrained in his liberty." Article 11.07 sets forth some procedures for the writ of habeas corpus in felony cases, including those "for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death." [3] Those procedures are available only after "final conviction." [4] For reasons set forth below, juvenile adjudications are not "convictions" for the purposes of article 11.07.

The legislature has determined that juvenile delinquency proceedings are of a civil nature and are not to be treated as criminal matters unless specifically mandated.[5] The Family Code contains a Juvenile Justice Code that reflects this determination.[6]

In juvenile proceedings, jurisdiction lies exclusively with the juvenile court unless it is waived and the case transferred.[7] The effect of an adjudication of delinquency differs from that of a judgment of guilt: "an order of adjudication or disposition in a proceeding under [the Juvenile Justice Code] is not a conviction of a crime" and "does not impose any civil disability ordinarily resulting from a conviction." [8] Thus the legislature has deter-

---

1. *In the Matter of R.V., Jr.*, No. 02–96–065–CV (Tex.App.-Fort Worth May 22, 1997 writ denied) (not designated for publication).

2. *In the Matter of R.V., Jr.*, 8 S.W.3d 692 (Tex.App.-Fort Worth 1999 pet. ref'd).

3. Tex.Code Crim. Proc. art. 11.07, § 1.

4. *Id.*, §§ 1, 3; *Ex parte Johnson*, 12 S.W.3d 472 (Tex.Cr.App.2000).

5. *Vasquez v. State*, 739 S.W.2d 37, 42 (Tex. Crim.App.1987) (plurality op.) ("Delinquency proceedings are civil in nature and the provisions of the Texas Code of Criminal Pro-

cedure do not apply unless the Legislature evinces a contrary intent").

6. *See, e.g.*, Tex. Fam.Code §§ 52.01, 54.02(h) (juvenile taken into custody is not deemed under arrest, except for purposes of determining the validity of the custody or search, until the juvenile court waives jurisdiction and transfers the respondent to a court for "criminal proceedings").

7. *See id.*, § § 51.04, 54.02.

8. *Id.*, § 51.13(a). *See id.*, § 51.13(d) (in some cases, an adjudication of delinquency is a

mined that juvenile adjudications of delinquency are of a criminal nature only in limited circumstances.

Finally, the Family Code provides for an appeal of an order from a juvenile court, which may be carried to the Texas Supreme Court.[9] The juvenile court retains jurisdiction of the case during the appellate process.[10]

Because all juvenile adjudications—including appeals—remain on the civil side of our judicial system unless transferred to a criminal court, article 11.07 should not be used to transport juvenile cases to the criminal side for the single, specific proceeding of an application for writ of habeas corpus.

The appeal procedures in the Juvenile Justice Code do "not limit a child's right to obtain a writ of habeas corpus."[11] We have held that Article V, section 8 of the Texas Constitution gives the district court plenary power to issue the writ of habeas corpus.[12] Although we express no opinion on the matter, we notice that a court of civil appeals held that it had appellate jurisdiction of an appeal from a habeas corpus proceeding in which the validity of an adjudication of delinquency was challenged but upheld,[13] and that several courts of appeals have entertained appeals when writs of habeas corpus were issued by district courts on the application of juveniles accused of delinquent conduct.

The application for habeas corpus relief from this Court is dismissed.

HOLCOMB, J., concurred in the judgment.

---

"final felony conviction" only for purposes of punishment enhancement under the Penal Code).

9. *See id.,* § 56.01.

10. *Id.,* § 56.01(g)("An appeal does not suspend the order of the juvenile court, nor does it release the child from the custody of that court or of the person, institution, or agency to whose care the child is committed, unless the juvenile court so orders").

11. Tex. Fam.Code § 56.01(*o*).

12. *See Ex parte Hargett,* 819 S.W.2d 866, 867 (Tex.Cr.App.1991).

13. *In re Torres,* 476 S.W.2d 883, 884 (Tex.Civ. App.-El Paso 1972, no writ). *Accord, M.B. v. State,* 905 S.W.2d 344, 346 (Tex.App.-El Paso 1995, no writ)