IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00215-CR

 

Tommy Lynn Hooten,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the County Court at Law No.
1

Johnson County, Texas

Trial Court No. M200402020

 



MEMORANDUM  Opinion



 








The Clerk of this Court notified
Appellant’s retained counsel that the clerk’s record was overdue in this cause
and that the appeal would be dismissed for
want of prosecution if the appellant did not make the necessary arrangements
for the filing of the clerk=s record.  See Tex. R. App. P. 37.3(b); see also Peralta v. State, 82
S.W.3d 724, 725 (Tex. App.—Waco 2002, no pet.); see also Brager v. State,
No. 0365-03, 2004 Tex. Crim. App. LEXIS 2203, **5-9 (Tex. Crim. App. 2004) (not
designated for publication).  No response has been received. 
Accordingly, the appeal is dismissed for want of prosecution.  Id.




PER CURIAM

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Appeal
dismissed

Opinion
delivered and filed August 24, 2005

Do not
publish

[CR25]






Altschul claims that he was released from custody shortly
thereafter.  He also alleges that his appointed lawyer provided ineffective assistance
because he did not object to the trial court's alleged actions and did not
appeal the adjudication.   

 

Id. at
428-29 (footnotes omitted).

 

            After noting that a habeas corpus
proceeding is the proper forum for Altschul’s complaints (in either the Court
of Criminal Appeals or the court of Altschul’s original juvenile adjudication—the
19th District Court of McLennan County), we held that we lacked jurisdiction
over Altschul’s original proceeding for a writ of habeas corpus.  Id. at 430-31.

            Thereafter, Altschul sought habeas
corpus relief in the Texas Supreme Court, which has appellate jurisdiction over
juvenile proceedings because they are considered civil actions.  See Tex. Fam. Code Ann. § 56.01 (Vernon 2002).  The supreme court transferred the habeas proceeding to the Court of
Criminal Appeals.  In re Altschul, No. 06-1048, http://www.supreme.courts.state.tx.us/historical/2006/dec/122906.htm
(Tex. Dec. 29, 2006) (order).  According to Altschul, the Court of Criminal
Appeals declined to docket the transferred proceeding.  He filed a petition for
discretionary review of our decision, but the Court of Criminal Appeals refused
it.  In re Altschul, No. PD-0145-07, http://www.cca.courts.state.tx.us/opinions/handdown.asp?FullDate=20070627
(Tex. Crim. App. June 27, 2007).

            Altschul therefore filed an
application for writ of habeas corpus in the 19th District Court of McLennan County, the court of his original juvenile adjudication.  He complains in the
instant proceeding that Respondent will not act on his application for writ of
habeas corpus and that, because he has exhausted our suggested remedies and
cannot file his application in another court, we should order Respondent to
consider and rule on his application.

“A
court with mandamus authority ‘will grant mandamus relief if relator can
demonstrate that the act sought to be compelled is purely ‘ministerial’ and
that relator has no other adequate legal remedy.’”  In re Piper, 105
S.W.3d 107, 109 (Tex. App.—Waco 2003, orig. proceeding) (quoting State ex
rel. Rosenthal v. Poe, 98 S.W.3d 194, 197-99 (Tex. Crim. App. 2003) (orig.
proceeding)).  In this case, Altschul tends to show that Respondent has a
mandatory or ministerial duty to issue the writ.[1]  See
id. at 109-10.  Given and assuming as true Altschul’s allegations that the
trial court in his juvenile proceeding disregarded a jury finding of “not
responsible by means of mental illness” and that his attorney was ineffective
in not objecting to or appealing the trial court’s action, we view Respondent
as having a duty to issue the writ and consider Altschul’s allegations.  See
id. (“Assuming the facts as Piper states them, it would be beyond question
that Judge Neill has a duty to issue the writ. . . .  Assuming that this record
speaks the true facts, Judge Neill thus would have a mandatory duty to issue
the writ of habeas corpus. . . .”); cf. Tex. Code Crim. Proc. Code Ann. art. 11.15 (Vernon 2005)
(“The writ of habeas corpus shall be granted without delay by the judge or
court receiving the petition, unless it be manifest from the petition itself,
or some documents annexed to it, that the party is entitled to no relief
whatever.”).

            Generally, an appellate court may not
afford mandamus relief over a trial court’s refusal to consider a writ of
habeas corpus application because the applicant can present the application to
another district court.  See Piper, 105 S.W.3d at 110; In re Davis, 990 S.W.2d 455, 457 (Tex. App.—Waco 1999, orig. proceeding).  But a “technically
available legal remedy will not defeat a petitioner’s entitlement to mandamus
relief when the remedy is ‘so uncertain, tedious, burdensome, slow,
inconvenient, inappropriate or ineffective as to be deemed inadequate.’”  Davis,
990 S.W.2d at 457 (citing State ex rel. Holmes v. Court of Appeals, 885
S.W.2d 389, 394 (Tex. Crim. App. 1994) (quoting Smith v. Flack, 728
S.W.2d 784, 792 (Tex. Crim. App. 1987)), and Kozacki v. Knize, 883
S.W.2d 760, 762 (Tex. App.—Waco 1994, orig. proceeding)); see Ex parte
Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991) (under proper
circumstances, applicant may pursue writ of mandamus when trial court refuses
to consider habeas application) (citing Von Kolb v. Koehler, 609 S.W.2d
654 (Tex. Civ. App.—El Paso 1980, orig. proceeding)).

Given Altschul’s predicament, i.e., that
his juvenile record is affecting his ability to re-open his federal sentences,
and the fact that he can file his application only in the court of his juvenile
adjudication,[2] he
has no other available legal remedy, technically or otherwise, and he is entitled
to mandamus relief.[3]  See
Davis, 990 S.W.2d at 457; see also In re Debrow, 2005 WL 544031
(Tex. App.—San Antonio Mar. 9, 2005, orig. proceeding) (discussing juvenile’s
attempt to mandamus trial court to consider juvenile’s habeas application); In
re Debrow, 2004 WL 2612533 (Tex. App.—San Antonio Aug. 11, 2004, orig.
proceeding) (same); In re Solis, 2004 WL 1336266 (Tex. App.—San Antonio
June 16, 2004, orig. proceeding) (holding that defendant was entitled to writ
of mandamus ordering trial court to consider and rule on his habeas corpus
application).

We conditionally grant the petition for writ of
mandamus.  Respondent is ordered to rule on Altschul’s application for writ of
habeas corpus within thirty days of the date of this opinion.  The writ will issue
only if Respondent does not timely act on the application.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray would deny the petition for
writ of mandamus.  A separate dissenting opinion will not, however, be issued.)

Petition
conditionally granted

Opinion
delivered and filed September 26, 2007

[OT06]









[1]               Respondent did not file a response
to Altschul’s petition for writ of mandamus.  The State filed a response
asserting that article 11.07 applies and that, from the face of Altschul’s
application, the trial court could have determined that there are no
“controverted, previously unresolved facts material to the legality of the
applicant’s confinement.”  Tex. Code
Crim. Proc. Code Ann. art. 11.07, § 3(c) (Vernon 2005).  But we
seriously question the direct application of article 11.07 to Altschul’s
juvenile adjudication that is the subject of his underlying habeas application
because article 11.07, by its own terms, is limited to habeas relief from a
felony judgment.  Id. art. 11.07, § 1; see Ex parte Valle, 104
S.W.3d 888, 888-89 (Tex. Crim. App. 2003) (holding that article 11.07 governing
applications for writs of habeas corpus in which applicant seeks relief from
felony judgment may not be used to challenge juvenile’s imprisonment because
adjudication of delinquency is not felony conviction).  Altschul’s underlying
habeas application is brought under the authority of the Family Code (section
56.01(o)) and the Texas Constitution (art. I, § 12, and art. V, § 8).





[2]               See McLennan (Tex.) Dist. Ct. Loc. R. 1.01.B. (“all juvenile
cases shall be filed in the 19th District Court”); see also Altschul,
207 S.W.3d at 430 (“And under Valle, the court of Altschul’s original
juvenile adjudication has authority to address Altschul’s complaints in a
habeas corpus proceeding because he alleges collateral consequences.”) (citing Valle,
104 S.W.3d at 889-90, and Tex. Fam. Code
Ann. § 56.01(o)).

                





[3]               Should a party appeal the trial court’s ruling on Altschul’s habeas
application, we would then appear to have appellate jurisdiction.  See Valle,
104 S.W.3d at 890 & nn.12-13.