Opinion issued November 3, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00658-CV

———————————

in re LONNIE MACK BROOKS, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION

          Relator, Lonnie Mack Brooks, has filed
a pro se petition for writ of mandamus, complaining that the respondent, the
Galveston County District Clerk, has refused to file Brooks’s application for a
writ of habeas corpus.[1]    

          This Court’s mandamus jurisdiction is
governed by the Texas Government Code. 
Section 22.221 expressly limits the mandamus jurisdiction of the courts
of appeals to: (1) writs necessary to enforce the jurisdiction of the court of
appeals and (2) writs against specified district or county court judges in the
court of appeals district.  Tex. Gov’t Code Ann. § 22.221(a), (b) (West
2004).  We, therefore, lack jurisdiction to issue a writ of mandamus
against a district clerk or a court coordinator unless necessary to enforce our
jurisdiction.  See id. § 22.221(a), (b);
see also In re Smith,
263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).  Brooks
has not shown that issuance of a writ of mandamus is necessary for this court
to enforce its jurisdiction.  See Tex. Gov’t Code Ann. § 22.221(a), (b); In re P.L.M., No. 01-11-00086-CV, 2011 WL 1234692,
at *1 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, orig. proceeding) (holding
this court lacked jurisdiction to issue mandamus against district clerk for
refusing to file application for writ of habeas corpus because relator made no
showing that issuance of a writ of mandamus was necessary for this court to
enforce its jurisdiction); cf. In re Smith, 263 S.W.3d 93, 95 (Tex. App.—Houston
[1st Dist.] 2006, orig. proceeding) (holding this court could issue mandamus
against clerk who refused to file notice of appeal because filing of notice of
appeal vests jurisdiction this court).  

          Nevertheless, a clerk has a
“mandatory, ministerial duty” to file documents submitted for filing.  See In re Smith, 263 S.W.3d at 95.  It is then up to the court—not the clerk—to
determine whether the court has jurisdiction or otherwise determine the
propriety of the filing.  See id.  Additionally, the Texas Court of Criminal Appeals
has noted that, while it lacks jurisdiction of a habeas proceeding from an
adjudication against a juvenile, district courts have jurisdiction under the
Texas Constitution.  See Ex parte Valle, 104 S.W.3d 888, 890 (Tex. Crim. App. 2003).  

We conclude that we do not have
jurisdiction to issue a writ of mandamus against respondent.  Accordingly, we dismiss Brooks’s petition for
lack of jurisdiction, and we dismiss all outstanding motions as moot.[2]    

PER CURIAM

Panel
consists of Chief Justice Radack and Justices Bland and Huddle.

 











[1]
          Relator has identified the underlying case as the adjudication
proceeding from which he seeks habeas relief, No. 88jv310, in the 306th
District Court of Galveston County, Texas.





[2]
          Although this court lacks jurisdiction, the district court
has jurisdiction to issue a writ of mandamus against a clerk in appropriate
cases.  See In re P.L.M, 2011 WL 1234692 at *1 (noting that Texas  Government Code section 24.011 grants district
court judge mandamus jurisdiction for the enforcement of the court’s
jurisdiction).