**Opinion issued June 21, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00408-CV

———————————

## IN RE P.L.M., Relator

———

### Original Proceeding on Petition for Writ of Mandamus

———

### MEMORANDUM OPINION

Relator, P.L.M., petitioned for writ of mandamus asking that we order the respondentto rule on his application for writ of habeas corpus "submitted as a challenge against his juvenile delinquent proceeding and transfer order."[1]

A writ of mandamus will issue to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law.

---

[1] Respondent is the Honorable John Phillips, 314th District Court, Harris County, Texas.

*Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding), *superseded by statute on other grounds*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7) (Vernon Supp. 2011), *as recognized in In re AIU Ins. Co.*, 148 S.W.3d 109, 119 (Tex. 2004). If the respondent trial court has a legal duty to perform a nondiscretionary act, the relator must make a demand for performance that the respondent refuses. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam). The relator must also provide this Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Relator has not provided us with a record that shows that he has properly filed his application for writ of habeas corpus for consideration by respondent, nor has he included a certified or sworn copy of any orders complained of or any other documents showing the matters complained of.[2] *See* TEX. R. APP. P. 52.3(k)(1)(A).

---

[2] The documents contained in the record are not sworn or certified copies. Furthermore, the application for writ of habeas corpus does not show any indication that it has been filed with the trial court.

This Court has previously addressed complaints by relator regarding the alleged refusal of the district clerk to file his application for writ of habeas corpus, an issue he does not raise in this petition for writ of mandamus. *See In re P.L.M.*, 01-11-00086-CV, 2011 WL 1234692, at *1 (Tex. App.—Houston [1st Dist.] Mar. 31. 2011, orig. proceeding) (mem. op.) (per curiam). We have also previously dismissed his original application for writ of habeas corpus filed in this Court based on our lack of original jurisdiction to issue a writ of habeas corpus when the petitioner seeks release from incarceration stemming from his adjudication as a

We deny the petition for writ of mandamus. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

---

juvenile delinquent and subsequent transfer to adult prison. *SeeIn re P.L.M.*, No. 01-11-00157-CV, 2011 WL 1234740, at *1 (Tex. App.—Houston [1st Dist.] Mar. 31, 2011, orig. proceeding) (mem. op.) (percuriam).

The trial court is the proper place for relator to file his application for writ of habeas corpus. *See Ex parte Valle*, 104 S.W.3d 888, 890 (Tex. Crim. App. 2003). While relator indicates that he filed a petition for writ of mandamus with the trial court to compel the districtclerk to file his habeas application, he does not provide those documents here and does not ask that we address the trial court's apparent refusal to act on that petition. If the district clerk is erroneously refusing to file relator's application for writ of habeas corpus, the proper court in which to file the petition for writ of mandamus to compel the clerk to accept the filing is the trial court. *See* TEX. GOV'T CODE ANN. § 24.011 (Vernon 2004) (providing that trial court may grant writ of mandamus to enforce its jurisdiction).