**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed January 3, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-01109-CV

---

### IN RE Z. Q., Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 86707**

---

## MEMORANDUM  OPINION

On December 13, 2012, relator Z. Q. filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Chris Daniel, Harris County District Clerk, to issue and deliver citation pursuant to Texas Rule of Civil Procedure 99(a) in connection with an application for writ of habeas corpus.

Relator asserts that on October 4, 2012, he filed a petition for writ of habeas corpus in the 315th District Court of Harris County. Relator asserts that the habeas petition falls under the jurisdiction of Title 3 of the Juvenile Justice Code. *See* Tex. Fam. Code § 56.01(c).[1] According to relator, when he filed the petition, he included a request for issuance of citation. When no response was received, he mailed the respondent a second request for issuance of citation on November 8, 2012. Relator asserts that the respondent has refused to perform his duty.

Our mandamus jurisdiction is limited. By statute, we have authority to issue a writ of mandamus against a judge of a district or county court in our court of appeals district and other writs as necessary to enforce our appellate jurisdiction. *See* Tex. Gov't Code § 22.221. For a district clerk to fall within our jurisdictional reach, relator must establish that the issuance of a writ of mandamus is necessary to enforce our jurisdiction. *See In re Coronado*, 980 S.W.2d 691, 692–93 (Tex. App.—San Antonio 1998, orig. proceeding).

The appeal procedures in the Juvenile Justice Code do "not limit a child's right to obtain a writ of habeas corpus." Tex. Fam.Code § 56.01(o). Article V, section 8 of the Texas Constitution gives the district court plenary power to issue the writ of habeas corpus. *Ex parte Robert Valle, Jr.,* 104 S.W.3d 888 (Tex. Crim. App. 2003) (holding that adjudication of delinquency is not a final felony conviction and juvenile is not entitled to habeas corpus relief under article 11.07 of the Texas Code of Criminal Procedure).

---

[1] Relator was adjudicated as a juvenile of having engaged in delinquent conduct by committing capital murder and attempted capital murder, and he was sentenced to forty years in prison. The trial judge ordered relator committed to the Texas Youth Commission, and he was subsequently transferred to the Texas Department of Criminal Justice. *See In the Matter of Z.Q.,* No. 14–12–00129–CV (Tex. App.—Houston [14th Dist.]) (appeal pending).

Relator has not established that issuance of the writ is necessary to enforce our jurisdiction. The trial court has jurisdiction over relator's habeas petition. This proceeding is unlike relator's previous petition for writ of mandamus. In the earlier proceeding, relator sought to compel the district clerk to forward his notice of appeal from the denial of a previous application for writ of habeas corpus to this court. *See In re Querishi,* 14-12-00036-CV, 2012 WL 590811 (Tex. App.— Houston [14th Dist.] Feb. 23, 2012, orig. proceeding) (mem. op.). After relator filed his petition for writ of mandamus in the earlier case, relator's notice of appeal was assigned to this court, and his appeal was docketed under our appeal number 14–12–00129–CV, styled *In the Matter of Z.Q.* We then dismissed relator's petition for writ of mandamus as moot. Relator's previous habeas appeal remains pending before this court, and the current application does not affect our jurisdiction over the appeal.

We lack jurisdiction over this proceeding. Accordingly, relator's petition for writ of mandamus is ordered dismissed.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Brown and Busby.