

NUMBER 13-13-00716-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**IN THE MATTER OF J.A.G., MINOR CHILD**

**On appeal from the 138th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Memorandum Opinion
Before Chief Justice Valdez and Justices Garza and Longoria**

The State alleged that appellant J.A.G.[1], a minor, committed delinquent conduct by stealing an amount of U.S. currency worth more than fifty dollars but less than five hundred dollars. *See* TEX. PENAL CODE ANN. § 31.03(a) (West, Westlaw through 2013 3d C.S.); *see also* TEX. FAM. CODE ANN. § 51.03(a) (defining delinquent conduct in general) (West, Westlaw through 2013 3d C.S.). J.A.G. was fifteen years-old at the time.

---

[1] We refer to appellant by his initials in an effort to protect his privacy. *See* TEX. R. APP. P. 9.8(c)(2).

At the adjudication hearing, J.A.G. waived his right to a jury trial and to confront witnesses, and pled true to the allegation. On August 17, 2012, the trial court rendered a judgment that adjudicated J.A.G. as having engaged in the delinquent conduct and placed him on probation for nine months. The trial court later extended J.A.G.'s probation by three months by an order that is not at issue in this appeal.

In September of 2013, the State filed a motion to modify the disposition after appellant's urine samples tested positive for marijuana twice and for cocaine once. *See* TEX. FAM. CODE ANN. § 54.05(a) (West, Westlaw through 2013 3d C.S.) (providing that the trial court has the power to modify a disposition). On October 9, 2013, J.A.G pled true to the allegations, but the trial court later permitted appellant to rescind his plea.[2] At a hearing held on October 30, 2013, the parties announced they had reached an agreement. Appellant again waived his right to confront witnesses and to remain silent and pled true to the allegation[3] in the State's motion. Pursuant to the parties' agreement, the trial court modified the disposition by extending appellant's probation for six months and ordering him to undergo outpatient drug treatment. The trial court judge granted appellant the right to appeal. *See id.* § 56.01(n)(1) (West, Westlaw through 2013 3d C.S.) (providing that the trial court may grant a minor permission to appeal even if the court modified the disposition pursuant to an agreement between the parties). As discussed below, appellant's court-appointed counsel has filed a motion to withdraw accompanied

---

[2] Appellant's trial counsel discovered that the State attached all of the evidence it planned to introduce at the hearing to the judge's copy of the motion to modify but did not do the same for appellant's copy. The trial judge stated on the record that he had not reviewed any of the attachments, but nevertheless permitted J.A.G. to rescind the plea of true.

[3] The State opted not to proceed on an additional allegation in the motion that appellant violated his probation by being suspended from school for possessing "drug paraphernalia" and for leaving the campus.

by an *Anders* brief.  We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court stating that after a thorough review of the record, she has found no non-frivolous issues to advance on appeal.  *See id.*  Since 1998 the Texas Supreme Court has applied the *Anders* procedures to juvenile proceedings.  *In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding).

Counsel's brief meets the requirements of *Anders* because it presents a professional evaluation of why there are no arguable grounds to advance on appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State,* 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Appellant's counsel has informed this Court that she considered raising the following issues but concluded that all were without merit:  (1) whether, as trial counsel alleged, the State violated appellant's rights under the Fifth and Sixth Amendments when it presented evidence to the trial judge prior to the hearing on the State's motion to modify the disposition; (2) whether sufficient evidence supported the original adjudication; and, (3) whether sufficient evidence supported the modification of the original disposition. Counsel also informs us that she served a copy of the brief and counsel's motion to withdraw on appellant and informed appellant of his right to review the record and file a

pro se response.[4]  *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman,* 252 S.W.3d at 409 n.23.  More than an adequate time has passed, and appellant has not filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio,* 488 U.S. 75, 80 (1988); *see In re D.A.S.*, 973 S.W.2d at 299.

We have reviewed the entire record, including counsel's brief, and we have found no reversible error.  *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1.").  Accordingly, we affirm the judgment of the trial court modifying the disposition.

## III. MOTION TO WITHDRAW

In accordance with *Anders,* appellant's attorney requests this Court for permission to withdraw as counsel for appellant.  *See Anders,* 386 U.S. at 744; *see also In re Schulman,* 252 S.W.3d at 408 n.17 (citing *Jeffery v. State,* 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.))  ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the

---

[4] Counsel also provided appellant with a form motion for *pro se* access to the record as required by the Texas Court of Criminal Appeals in *Kelly v. State*, 436 S.W.3d 313, 320 (Tex. Crim. App. 2014).

appellate court that the appeal is frivolous." (citations omitted)). We grant counsel's motion to withdraw.

Within five days of this Court's opinion, counsel is ordered to send a copy of this Court's opinion and judgment to appellant and to advise him of his right to file a petition for review with the Texas Supreme Court.[5] *See In re Schulman,* 252 S.W.3d at 412 n.35; *Ex parte Owens,* 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NORA L. LONGORIA
Justice

Delivered and filed the
16th day of October, 2014.

---

[5] We note that contrary to the letter counsel originally sent to appellant, any further *pro se* appeal would be taken to the Texas Supreme Court. *See* TEX. FAM. CODE ANN. § 56.01(a) (West, Westlaw through 2013 3d C.S.) (providing that appeal is to be taken to the courts of appeals and the Texas Supreme Court); *see also Ex parte Valle,* 104 S.W.3d 888, 889–90 (Tex. Crim. App. 2003) (observing that the Texas Supreme Court, and not the Texas Court of Criminal Appeals, has jurisdiction on direct appeal of juvenile matters except in very limited circumstances).

No substitute counsel will be appointed. Should appellant wish to seek further review of his case by the Texas Supreme Court, he must either retain an attorney to file a petition for review or file a pro se petition for review. Any petition for review must be filed within forty-five days after the date of either this opinion or the last ruling by this Court on all timely-filed motions for rehearing or en banc reconsideration. TEX. R. APP. P. 53.7(a). Any petition for review must comply with the requirements of Rule 53.2 of the Texas Rules of Appellate Procedure. *Id.* R. 53.2.

5