

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO.  WR-80,357-04

**IN RE BRIAN DWAYNE DORSEY, Relator**

**ON APPLICATION FOR WRIT OF MANDAMUS
CAUSE NO. 76561
IN THE 314TH DISTRICT COURT FROM HARRIS COUNTY**

RICHARDSON, J., filed a concurring statement in which JOHNSON, ALCALA, and NEWELL, JJ., joined.

### CONCURRING STATEMENT

Juvenile criminal law in Texas is one of our more difficult areas of law, encompassing not only the Family Code, but also the Codes of Criminal Procedure and Civil Procedure. Attorneys not specializing in juvenile law have difficulty navigating the field, so a *pro se* litigant faces a distinct disadvantage.  Relator in this case has made repeated attempts to file his *pro se* post-conviction complaint for time credit, but each time he has come up short.  The problem lies with the fact that relator is asking for relief via an Article 11.07 of the Code of Criminal Procedure application for writ of habeas corpus from a juvenile adjudication, which is not a final felony conviction.  By way of analogy, relator has tried to mail a letter with the

wrong address on it and then called the phone company to find out where the letter went. He's getting nowhere.

Relator filed this third writ of mandamus in which he claims that he filed what would be his second application for a post-conviction writ of habeas corpus under Article 11.07 in the 314th District Court, a juvenile court in Harris County. Having received no response from the court, relator now seeks a writ of mandamus from this Court ordering the 314th District Court to forward his 11.07 application. I concur with this Court's judgment denying leave to file, but I write separately to clarify why relator is not entitled to relief from this Court.

Relator, who is now 37 years old, was a juvenile in 1991 when he was adjudicated for engaging in delinquent conduct by committing murder and sentenced to twenty years' imprisonment. Because such an adjudication is not a final felony conviction for the purposes of Article 11.07, relief is not available from this Court under that article's provisions. *Ex parte Valle*, 104 S.W.3d 888 (Tex. Crim. App. 2003); *see also* TEX. FAM. CODE ANN. § 51.13. Although quasi-criminal in nature, proceedings in juvenile court are considered civil cases; thus, the Texas Supreme Court, rather than this Court, is the court of last resort for such matters. *Id.* This Court has therefore concluded that it lacks jurisdiction to issue extraordinary writs in juvenile cases, even those initiated by a juvenile offender who has been transferred to the Texas Department of Criminal Justice–Institutional Division (TDCJ) because he is now an adult. *In re Hall*, 286 S.W.3d 925, 927 (Tex. 2009) (citing *Ex parte Valle*, 104 S.W.3d at 889).

In November of 1991, relator was sentenced to twenty years' confinement on his murder adjudication. Nine years later, on May 31, 2000, relator was paroled. After approximately eleven years on parole, relator was arrested for DWI on July 20, 2011. Relator pled guilty to the DWI–3rd and was sentenced to three years in TDCJ. Subsequently, relator's parole on the juvenile murder adjudication was revoked. Relator believes he was wrongfully denied street-time credit for the eleven years he spent on parole.

This Court will not review the merits of relator's claim for street-time credit because we do not have the jurisdiction to do so in a juvenile matter. His proper remedy would be to seek a writ of habeas corpus through the juvenile justice system. The procedure for handling writs of habeas corpus are not specifically addressed in the juvenile justice portion of the Family Code, but the appeal procedures in that section "do not limit a child's right to obtain a writ of habeas corpus." TEX. FAM. CODE ANN. § 56.01(o) (West 2014). Except when in conflict with a provision of the Family Code, the Texas Rules of Civil Procedure govern juvenile proceedings. TEX. FAM. CODE ANN. § 51.17(a); *In re M.R.*, 858 S.W.2d 365, 366 (Tex. 1993). Juveniles may file applications for writs of habeas corpus pursuant to Article V, Section 8, of the Texas Constitution, which gives "District Court judges. . . the power to issue writs necessary to enforce their jurisdiction." TEX. CONST. art. V, § 8; *see also Ex parte Valle* at 890.

Our denial does not preclude relator from filing an application for writ of habeas corpus pursuant to Article V, Section 8 of the Texas Constitution with the 314th District Court of Harris County. If the 314th District Court does not respond, then relator may seek

relief by way of writ of mandamus issuing from the intermediate appellate court. *See* TEX.

CONST. art. V, § 6(a).

For the reasons set out above, I concur with this Court's order denying leave to file.

FILE: July 1, 2015
PUBLISH