# NO. 12-15-00243-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN THE MATTER OF S. M.,* | § | *APPEAL FROM THE* |
|  | § | *COUNTY COURT AT LAW NO. 3* |
| *A JUVENILE* | § | *SMITH COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

S.M., a juvenile, appeals the trial court's order transferring him from the Texas Juvenile Justice Department (TJJD) to the Texas Department of Criminal Justice (TDCJ) to complete the remainder of his twenty year determinate sentence for delinquent conduct. S.M.'s counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).[1] We affirm.

## BACKGROUND

In January 2011, S.M.'s young niece made an outcry that S.M. sexually abused her. S.M. pleaded "true" to the allegations against him in exchange for a determinate sentence of twenty years. In April 2012, the trial court found that S.M. engaged in delinquent conduct, namely aggravated sexual assault of a child, and committed him to TJJD's custody. S.M. appealed the trial court's order that he register as a sex offender, an order that we affirmed.[2] While in TJJD's custody, S.M. engaged in 355 documented instances of misconduct, of which 279 were referrals to the security unit. These incidents included several instances of assault and inappropriate

---

[1] *See In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (orig. proceeding) (holding *Anders* procedures apply to juvenile matters).

[2] *See In re S.M.*, No. 12-12-00264-CV, 2013 WL 1046891, at *4 (Tex. App.—Tyler Mar. 13, 2013, no pet.) (mem. op.).

sexual conduct, such as a separately adjudicated offense for S.M.'s indecent exposure to TJJD staff members.

At the transfer of custody hearing, Leonard Cucolo, court liaison for TJJD, testified that S.M. had received TJJD programming for over three years, and had been given many alternate interventions to meet his needs without success. Cucolo testified that S.M. continued to engage in delinquent conduct, and that there was little evidence to suggest that S.M. would choose to benefit from rehabilitative treatment in the future. Cucolo acknowledged that S.M. had made some behavioral improvement towards the end of his custody at TJJD, but the change was not so significant that it warranted continued custody by TJJD. Accordingly, Cucolo recommended that S.M. be transferred to TDCJ to serve the remainder of his determinate sentence. S.M. offered testimony from several witnesses who believed S.M.'s behavioral changes were significant and sincere. The trial court agreed with Cucolo and ordered S.M.'s transfer to TDCJ to serve the remainder of his determinate sentence. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

S.M.'s counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of counsel's brief, it is apparent that counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[3] We have considered counsel's brief and conducted our own independent review of the appellate record. We found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Accordingly, we conclude the appeal is wholly frivolous.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), S.M.'s counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex.

---

[3] Counsel for S.M. has certified that he provided S.M. with a copy of this brief. S.M. was given time to file his own brief in this cause. The time for filing such a brief has expired, and we have not received a pro se brief.

Crim. App. 2008) (orig. proceeding). We agree with S.M.'s counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is **granted**, and the trial court's judgment is **affirmed.** *See* TEX. R. APP. P. 43.2.

As a result of our disposition of this case, S.M.'s counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to S.M. and advise him of his right to file a petition for review in the Texas Supreme Court.[4] *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should S.M. wish to seek review of this case by the Texas Supreme Court, he must either retain an attorney to file a petition for review on his behalf or he must file a petition for review pro se. Any petition for review must be filed within forty-five days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 53.7(a). Any petition for review must comply with the requirements of Texas Rule of Appellate Procedure Rule 53.2. *See* TEX. R. APP. P. 53.2.
Opinion delivered September 14, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[4] Further appeal of this case must be taken to the Texas Supreme Court. *See* TEX. FAM. CODE ANN. § 56.01(a), (c)(2) (West Supp. 2016) (providing that appeal is to be taken to the courts of appeals and the Texas Supreme Court); *see also **Ex parte Valle***, 104 S.W.3d 888, 889–90 (Tex. Crim. App. 2003) (observing that the Texas Supreme Court, and not the Texas Court of Criminal Appeals, has jurisdiction on direct appeal of juvenile matters except in very limited circumstances not applicable here).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 14, 2016

NO. 12-15-00243-CV

**IN THE MATTER OF S. M., A JUVENILE**

Appeal from the County Court at Law No 3

of Smith County, Texas (Tr.Ct.No. 003-0012-12)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*