

# NUMBER 13-22-00398-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE MATTER OF J.T.S.M., A CHILD

On appeal from the 25th District Court
of Lavaca County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Peña**
**Memorandum Opinion by Justice Peña**

J.T.S.M., a juvenile, pleaded "true" to the State's allegations that he engaged in three instances of delinquent conduct. *See* TEX. PENAL CODE ANN. §§ 28.03(b)(4)(A) (criminal mischief over $2500 but under $30,000), 30.02(c)(2) (burglary of a building), 31.07 (unauthorized use of a motor vehicle). The trial court placed J.T.S.M. on probation on April 16, 2021, for a term of eighteen months. The State then filed a motion to modify order of adjudication and judgment of disposition on April 28, 2022. On June 22, 2022,

the trial court modified the terms of J.T.S.M.'s community supervision and extended his probation to December 19, 2023.

The State filed a second motion to modify on July 11, 2022. Following a hearing on July 26, 2022, the trial court found appellant to be a delinquent and committed him to the Texas Juvenile Justice Department for an indeterminate period. *See* TEX. FAM. CODE ANN. § 54.04. Appellant's court-appointed counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967).[1] We affirm.

## I.     ANDERS BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

---

[1] *See In re D.A.S.*, 973 S.W.2d 296, 297, 299 (Tex. 1998) (orig. proceeding). In *D.A.S.*, the Texas Supreme Court concluded that *Anders* procedures protect juveniles' statutory right to counsel on appeal in delinquency cases and so held that those procedures apply in juvenile cases. *Id.* at 297; *see Anders v. California*, 386 U.S. 738, 744 (1967).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel has informed this Court in writing that he: (1) notified appellant and his grandparents[2] that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided the appellant and his grandparents with copies of both pleadings; (3) informed the appellant and his grandparents of appellant's rights to file a pro se response, to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant and his grandparents with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–320; *see also In re Schulman*, 252 S.W.3d at 408–09. An adequate amount of time has passed, and appellant has not requested the record nor filed a pro se response.

## II.     INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the

---

[2] The record indicates that J.T.S.M.'s maternal grandparents R.G. and E.G. are his current legal guardians. Accordingly, J.T.S.M.'s counsel copied them on all legal correspondence, including these appellate briefs and motions.

3

court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.");
*Stafford*, 813 S.W.2d at 509.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and his grandparents and to advise them of appellant's right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV. CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
9th day of February, 2023.

---

[3] We note that any further appeal must be taken to the Texas Supreme Court. *See* TEX. FAM. CODE ANN. § 56.01(a) (providing that appeal is to be taken to the courts of appeals and the Texas Supreme Court); *see also Ex parte Valle*, 104 S.W.3d 888, 889–90 (Tex. Crim. App. 2003) (observing that the Texas Supreme Court, and not the Texas Court of Criminal Appeals, has jurisdiction on direct appeal of juvenile matters except in very limited circumstances).

No substitute counsel will be appointed. Should appellant wish to seek further review of his case by the Texas Supreme Court, he must either retain an attorney to file a petition for review or file a pro se petition for review. Any petition for review must be filed within forty-five days after the date of either this opinion or the last ruling by this Court on all timely-filed motions for rehearing or en banc reconsideration. TEX. R. APP. P. 53.7(a). Any petition for review must comply with the requirements of Rule 53.2 of the Texas Rules of Appellate Procedure. *Id*. R. 53.2.