Opinion filed October 19, 2023



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00193-CR

_____

## IN RE A.V.

_____

### Original Mandamus Proceeding

_____

### M E M O R A N D U M   O P I N I O N

Relator, A.V., filed this original petition for writ of mandamus requesting that we order the Honorable Sam C. Moss, the presiding judge of the County Court at Law of Brown County, to "consider and rule upon" his application for writ of habeas corpus. We conditionally grant Relator's petition.

This petition and the underlying application relate to a juvenile adjudication that occurred in 2016, wherein Relator received a thirty-year determinate sentence for engaging in organized criminal activity and committing aggravated robbery. *See In re A.V.*, No. 11-22-00361-CV, 2023 WL 105214, at *1 (Tex. App.—Eastland

Jan. 5, 2023, orig. proceeding). Relator, prior to turning nineteen, was transferred from the Texas Juvenile Justice Department (TJJD) to the Texas Department of Criminal Justice (TDCJ) following a hearing in the juvenile court. *See id.* We affirmed the adjudication and the transfer order. *Id.*; *see also In the Matter of A.V.*, No. 11-16-00078-CV, 2017 WL 2484348, at *1 (Tex. App.—Eastland June 8, 2017, no pet.) (mem. op.); *In the Matter of A.V.*, No. 11-18-00135-CV, 2020 WL 2836432 (Tex. App.—Eastland May 29, 2020, no pet.) (mem. op.). In December 2022, Relator filed an original habeas corpus proceeding in this court. *See A.V.*, 2023 WL 105214, at *1. We dismissed the proceeding for want of jurisdiction; however, we noted in our opinion that "if A.V. proceeds with habeas proceedings, [he] must first file his application with the juvenile court so the court may determine the outcome of the application." *Id.* at *2.

According to his petition in this cause, Relator filed an application for writ of habeas corpus in the juvenile court on July 10, 2023, alleging that he "was confined in the absence of jurisdiction and that the proceedings" for his juvenile case were "void for lack of subject matter jurisdiction." The district clerk confirmed that a petition for writ of habeas corpus had been received and indicated that the petition had been filed on July 12, 2023. In its correspondence to Relator, the district clerk further stated the following:

> Your Petition for Writ of Habeas Corpus has been received and filed. Article 11.07 of the Texas Code of Criminal Procedure affords the State 15 days to answer. After 15 days, the Court has 20 days in which it may order a hearing. If no order has been entered 35 days from the filing date, the petition will be forwarded to the Court of Appeals for their consideration.
>
> . . . .

> Your supplemental record was received from the Court and sent to the Court of Criminal Appeals.

After Relator filed his petition for writ of mandamus in this court, we requested a response from the Respondent. We have not received a response.

"In juvenile proceedings, jurisdiction lies exclusively with the juvenile court unless it is waived and the case transferred." *Ex parte Valle*, 104 S.W.3d 888, 889 (Tex. Crim. App. 2003). Because juvenile adjudications are generally civil in nature and, unless transferred to a criminal court, do not constitute convictions for purposes of Article 11.07 of the Texas Code of Criminal Procedure, the Court of Criminal Appeals has determined that it lacks jurisdiction to issue extraordinary writs in post-adjudication proceedings in such matters. *Valle*, 104 S.W.3d at 890 ("Because all juvenile adjudications—including appeals—remain on the civil side of our judicial system unless transferred to a criminal court, [A]rticle 11.07 should not be used to transport juvenile cases to the criminal side for the single, specific proceeding of an application for writ of habeas corpus."); *see In re Hall*, 286 S.W.3d 925, 927 (Tex. 2009) ("Because juvenile proceedings are civil matters, the Court of Criminal Appeals has concluded that it lacks jurisdiction to issue extraordinary writs in such cases, even those initiated by a juvenile offender who has been transferred to [TDCJ] because he is now an adult.").

Here, the Brown County Court at Law was the court in which A.V.'s adjudication occurred and is a juvenile court with jurisdiction to address Relator's application for writ of habeas corpus. *See* TEX. GOV'T CODE ANN. § 23.001 (West 2023) ("Each . . . statutory county court exercising any of the constitutional jurisdiction of either a county court or a district court has jurisdiction over juvenile matters and may be designated a juvenile court."); § 25.003(a), (c) (West Supp.

2022) (concurrent jurisdiction of county courts); § 25.0272 (West 2019) (the Brown County Court at Law has jurisdiction concurrent with the district court in certain proceedings and cases, in addition to the jurisdiction provided by Section 25.003); *see also* TEX. CONST. art. V, § 16 ("County court judges shall have the power to issue writs necessary to enforce their jurisdiction."); GOV'T § 26.042(b) (civil and juvenile jurisdiction of constitutional county courts), § 26.047 (writ powers for constitutional county courts); TEX. FAM. CODE ANN. § 56.01(o) (West 2022) (the Juvenile Justice Code does not limit a juvenile's right to obtain a writ of habeas corpus).[1]

To be entitled to mandamus relief, the relator must show that "the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal." *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004)).  A trial court has a ministerial duty

---

[1]We note that the local rules of practice for Brown and Mills Counties designate the Brown County Court as the juvenile court for juvenile cases in Brown County, and the rules provide that the Brown County Court at Law shall serve as the juvenile court in the event the County Judge is not a licensed attorney.  *See* BROWN AND MILLS (TEX.) LOC. R. 1.1(b)(1) (35th District Court and constitutional county courts of each county); FAM. 51.04(b) (one or more courts must be designated as the juvenile court).  We take judicial notice that A.V.'s adjudication occurred in the Brown County Court at Law, and the judge currently presiding over the Brown County Court was the county attorney at the time A.V. was adjudicated.  *See* *A.V.*, 2017 WL 2484348, at *1; *A.V.*, 2020 WL 2836432, at *1; *see also In re K.E.M.*, 89 S.W.3d 814, 817 (Tex. App.—Corpus Christi-Edinburg 2002, orig. proceeding) (taking judicial notice of tenure of presiding judge that was the county attorney during the juvenile's adjudication proceedings).

We additionally note that, while the Court of Criminal Appeals has stated that district courts have the power to issue writs of habeas corpus pursuant to their writ powers under the constitution, it has not, nor has the supreme court, held that district courts possess exclusive jurisdiction to do so.  *Valle*, 104 S.W.3d at 890 (noting that they have held that Article V, Section 8 of the Texas constitution give district courts plenary power to issue writs of habeas corpus); TEX. CONST. art. V, § 8 ("District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.").  Courts have upheld the denial of a juvenile's application for writ of habeas corpus by a county court sitting as a juvenile court.  *See, e.g.*, *In the Matter of D.A.B.*, No. 12-14-00157-CV, 2015 WL 1623279, at *1 (Tex. App—Tyler Apr. 8, 2015, pet. denied) (mem. op.) (affirming denial of juvenile's postconviction writ of habeas corpus by county court at law); *cf. In re K.T.*, No. 12-03-00094-CV, 2003 WL 1701973, at *1 (Tex. App.—Tyler Mar. 31, 2003, orig. proceeding).  Considering the foregoing, we conclude that the Brown County Court at Law had a ministerial duty to rule upon Relator's application for writ of habeas corpus.

to rule on a properly filed motion within a reasonable time after the motion has been submitted to the court. *In re Ramos*, 598 S.W.3d 472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding); *In re J.C.L.*, No. 10-11-00447-CV, 2012 WL 503665, at *4 (Tex. App.—Waco Feb. 15, 2012, orig. proceeding) (applying this principle to a juvenile's application for writ of habeas corpus). In addition, "[n]o appeal can be had from a refusal to issue or grant a writ of habeas corpus." *See Ex parte T.W.A.*, No. 10-22-3655150, 2022 WL 3655150, at *2 (Tex. App.—Waco Aug. 24, 2022, no pet.); *see also In re Altschul*, 236 S.W.3d 453, 456 (Tex. App.—Waco 2007, orig. proceeding) (conditionally granting the petition for writ of mandamus for juvenile court's failure to rule on post-adjudication habeas application). If the trial court fails to rule on a properly filed application for writ of habeas corpus within a reasonable time, mandamus may issue to compel the trial court to enter a ruling. *See J.C.L.*, 2012 WL 503665, at *4–6.

Here, Relator seeks to compel the juvenile court to rule on his application for writ of habeas corpus. As an appropriate juvenile court to consider his application, Judge Moss had a ministerial duty to rule on Relator's application within a reasonable time after it was presented to him by the district clerk.[2] *See Ramos*, 598 S.W.3d at 473; *J.C.L.*, 2012 WL 503665, at *4. Thus, Relator seeks to compel a ministerial act, rather than a discretionary act, and he has no adequate remedy by appeal from the juvenile court's failure to rule on the application. *See T.W.A.*, 2022 WL 3655150, at *2; *J.C.L.*, 2012 WL 503665, at *4–6; *see also Altschul*, 236 S.W.3d at 456.

---

[2]The district clerk's correspondence included in Relator's petition, along with this court's letters to the juvenile court, indicate that the court is on notice that the application is pending and requires a ruling.

Therefore, we conditionally grant Relator's petition for writ of mandamus. *See* GOV'T § 22.221(b). Judge Moss is directed to enter a ruling on Relator's application for writ of habeas corpus.[3] A writ of mandamus will issue only if Judge Moss fails to enter a ruling by October 30, 2023.


JOHN M. BAILEY
CHIEF JUSTICE


October 30, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[3]We express no opinion regarding the validity of Relator's application for writ of habeas corpus and are not, by this opinion, directing the trial court to rule a certain way on the application. *See Ramos*, 598 S.W.3d at 474 ("While we have jurisdiction to direct the trial court to rule on a motion, we may not tell the trial court how to rule on such motion."). **However, if the Brown County Court at Law determines that it does not have jurisdiction to address Relator's application for writ of habeas corpus, we direct the court to forward the application to the district court for consideration.**