**Opinion issued December 21, 2023**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-23-00907-CV

———————————

### IN RE A.L.C., Relator

———————————

### Original Proceeding on Petition for Writ of Habeas Corpus

———————————

### MEMORANDUM OPINION

A.L.C. has filed a letter that we treat as a pro se petition for writ of habeas corpus[1] related to his juvenile adjudication that occurred in 2019 for aggravated

---

[1] *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (pro se complaint "is to be liberally construed"); *Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th Cir. 2011) (filings by habeas petitioners are "entitled to the benefit of liberal construction"; "[i]t is the substance of the relief sought by a pro se pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing").

sexual assault of a child and indecency with a child. On March 2, 2023, the juvenile court signed a judgment confining A.L.C. to the Texas Juvenile Justice Department for an indeterminate period not to extend past his 19th birthday or until his discharge. A.L.C. appealed, and we dismissed the appeal because it was untimely. *In re A.L.C.*, No. 01-23-00320-CV, 2023 WL 7029560, at *1 (Tex. App.—Houston [1st Dist.] Oct. 26, 2023, no pet.) (per curiam).[2]

In his petition, A.L.C. asserts that he received ineffective assistance of counsel from trial counsel and that is also why he failed to timely appeal the juvenile court's judgment; that the guardian ad litem was unwilling to assist him in his appeal; and that the juvenile court failed to modify his disposition to allow him to complete his required treatment without losing credit for what he had completed.

To obtain any relief, A.L.C must file his petition for writ of habeas corpus with the juvenile court so that it may evaluate his petition. *See In re Dorsey*, 465 S.W.3d 656, 657 (Tex. Crim. App. 2015) (Richardson, J., concurring) (pro se complaint in juvenile proceeding may be raised by a writ of habeas corpus but must be done "through the juvenile justice system"); *In re Hall*, 286 S.W.3d 925, 927 (Tex. 2009) (orig. proceeding) (juvenile court has exclusive jurisdiction over proceedings involving delinquent conduct, which continues after the child reaches

---

[2] The underlying case is *In re A.L.C.*, Cause No. 2020-01085J, from the 315th District Court of Harris County, Texas, the Honorable Leah Shapiro presiding.

the age of majority); *see also* TEX. CONST. art. V, § 8 (district court judges "have the power to issue writs necessary to enforce their jurisdiction"); TEX. FAM. CODE § 56.01(o) (Juvenile Justice Code does not limit a juvenile's right to obtain a writ of habeas corpus). We note that A.L.C. may not seek a writ of habeas corpus through Article 11.07 of the Texas Code of Criminal Procedure because juvenile proceedings are civil. *See Hall*, 286 S.W.3d at 927 (although quasi-criminal, juvenile proceedings are civil cases, so the Texas Supreme Court, "rather than the Court of Criminal Appeals, is the Texas court of last resort").

Because A.L.C. has not filed an petition for writ of habeas corpus in the juvenile court and received a determination, we lack jurisdiction to consider his current petition. *See* TEX. GOV'T CODE § 22.221(d) (limited writ powers granted to the courts of appeals); *see also Ex parte Valle*, 104 S.W.3d 888, 890 (Tex. Crim. App. 2003) (noting that the Texas Constitution gives the district court the power to issue writs of habeas corpus and noticing that appellate courts have entertained appeals from the outcome of a juvenile's habeas proceeding); *see, e.g.*, *In re P.L.M.*, No. 01-11-00157-CV, 2011 WL 1234740, at *1 (Tex. App .—Houston [1st Dist.] Mar. 31, 2011, orig. proceeding) (mem.op.) (per curiam) (this Court does not have original habeas jurisdiction over such matters). But A.L.C. is not precluded from filing an petition for writ of habeas corpus under Article V, Section 8 of the Texas Constitution with the 315th District Court of Harris County. If the district court does

not respond, then he may seek relief by filing an petition for writ of mandamus from the appropriate intermediate appellate court. *See* TEX. CONST. art. V, § 6(a).

## Conclusion

Without expressing an opinion on the substance of A.L.C.'s petition for writ of habeas corpus, we dismiss the petition for want of jurisdiction.

Sarah Beth Landau
Justice

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.