**Affirmed and Opinion Filed November 25, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00820-CR**

**FLOYD STEVENSON, SR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 075297**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Goldstein, and Miskel
Opinion by Justice Partida-Kipness

Appellant Floyd Stevenson, Sr. appeals his conviction of driving while intoxicated, third or more, for which he was sentenced to life imprisonment. *See* TEX. PENAL CODE § 49.09(b). We affirm.

## BACKGROUND

On April 28, 2022, Stevenson was arrested in Sherman, Texas for driving while intoxicated. He was later charged by indictment with driving while intoxicated, third or more, with enhancements for two prior felony convictions. Because of the enhancements, his range of punishment became 25 years to life in

prison. Following a four-day jury trial, the jury found Stevenson guilty of the offense of "Driving While Intoxicated 3rd or More" as charged in the indictment and assessed punishment at life imprisonment. The trial court later appointed Stevenson appellate counsel. In this Court, Stevenson's appellate counsel filed an *Anders*[1] brief and motion to withdraw as counsel. Stevenson did not file a pro se response, and the State has not filed a brief.

## APPLICABLE LAW

In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court outlined a procedure to ensure an indigent criminal defendant's right to counsel on appeal is honored when his or her appointed attorney concludes the appeal is without merit. *Arevalos v. State*, 606 S.W.3d 912, 914–15 (Tex. App.—Dallas 2020, no pet.). If the attorney concludes the appeal is wholly frivolous, he or she should request permission to withdraw, simultaneously filing a brief that refers to anything in the record that might arguably support the appeal. *Id.* at 915. This "*Anders* brief" must satisfy the appellate court that the appointed attorney's motion to withdraw is based on a conscientious and thorough review of both the record and the law. *Id.*

Underlying the *Anders* procedure is the constitutional requirement of substantial equality and fair process, which can only be attained if appellate counsel acts in the role of an active advocate on behalf of his client. *See Anders*, 386 U.S. at

---

[1] An *Anders* brief is a brief filed in support of an appointed attorney's motion to withdraw as appellate counsel when the attorney has concluded, after conscientious examination of the entire record, that the appeal is frivolous. *Anders v. California*, 386 U.S. 738, 744 (1967).

744. "Ultimately, an appropriate *Anders* brief provides the court of appeals with an assurance of integrity in the criminal proceedings in the trial courts that the court of appeals supervises." *Choice v. State*, No. 05-19-00178-CR, 2020 WL 3166743, at *1 (Tex. App.—Dallas June 15, 2020, no pet.) (mem. op., not designated for publication).

To that end, an *Anders* brief must "discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court." *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). "An *Anders* brief must 'contain a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced.'" *In re N.F.M.*, 582 S.W.3d 539, 541 (Tex. App.—San Antonio 2018, no pet.) (quoting *High*, 573 S.W.2d at 812). An *Anders* brief must also "demonstrate that counsel has conscientiously examined the record and determined that the appeal is so frivolous that the appellant is not entitled to counsel on appeal. A proper *Anders* brief therefore must contain references to the record, citations to authority, and legal analysis." *Id.* at 541–42 (quoting *Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, order) (per curiam)). The *Anders* brief must provide the appellate court "with a roadmap for their review of the record because the court itself must be assured that

–3–

the attorney has made a legally correct determination that the appeal is frivolous." *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

At a minimum, an *Anders* brief must show counsel analyzed the validity of the indictment, the sufficiency of the evidence, the admissibility of the evidence of appellant's guilt, the validity of the punishment assessed, and the effectiveness of trial counsel. *Jeffery v. State*, 903 S.W.2d 776, 779 (Tex. App.—Dallas 1995, no pet.). Analysis requires counsel cite and discuss legal authority supporting counsel's conclusions. *See Stafford v. State*, 813 S.W.2d 503, 510 n. 3 (Tex. Crim. App. 1991); *Johnson v. State*, 885 S.W.2d 641, 646 (Tex. App.—Waco 1994, pet. ref'd); *see also Anders*, 386 U.S. at 745 (explaining an *Anders* brief assists the court's review "because of the ready references not only to the record, but also to the legal authorities as furnished [the reviewing court] by counsel").

When filing an *Anders* brief, the appointed attorney must also fulfill the following functions:

- Notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each;

- Inform him of his right to file a pro se response and of his right to review the record preparatory to filing that response;

- Inform him of his pro se right to seek discretionary review should the court of appeals declare his appeal frivolous; and

- Take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes.

*Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).

–4–

After appointed counsel files a motion to withdraw on the ground that an appeal is frivolous, we are obligated to undertake an independent examination of the record to determine whether there is any arguable ground that may be raised. *Stafford*, 813 S.W.2d at 511. If we conclude, after conducting an independent review, that "appellate counsel has exercised professional diligence in assaying the record for error" and agree the appeal is frivolous, we should grant counsel's motion to withdraw and affirm the trial court's judgment. *Arevalos*, 606 S.W.3d at 915 (quoting *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006); citing *In re Schulman*, 252 S.W.3d at 409; and then citing *Crowe v. State*, 595 S.W.3d 317, 319 (Tex. App.—Dallas 2020, no pet.)); *see also Penson v. Ohio*, 488 U.S. 75, 82–83 (1988) (appellate court "should not have acted on the motion to withdraw before it made its own examination of the record to determine whether counsel's evaluation of the record was sound.").

## ANALYSIS

Stevenson's counsel has filed a motion to withdraw and a brief under *Anders v. California*, 386 U.S. 738, 744–45 (1967). The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law, states he has found no grounds for appeal with potential merit, and concludes this appeal is frivolous. In the *Anders* brief, counsel sets out the evidence adduced at trial, addresses the lack of pretrial motions, discusses the validity of the indictment, confirms the accuracy of the jury instructions, notes the sentence

assessed was within the range of punishment for the charged offense, as enhanced, and states a motion for new trial was overruled by operation of law. The *Anders* brief also points out where pertinent testimony may be found in the record, refers to pages in the record where substantive objections were made, the nature of the objection, the trial court's ruling, and discusses either why the trial court's ruling was correct or why Stevenson was not harmed by the ruling of the court. Appellate counsel ultimately concluded there are no non-frivolous issues for appellate review. We conclude the brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See Stafford*, 813 S.W.2d at 510 n.3; *see also High*, 573 S.W.2d at 812–13.

The brief and motion also confirm counsel complied with *Kelly v. State*, by (1) notifying Stevenson of the motion to withdraw; (2) providing him with copies of the motion, the brief, and the record; (3) informing him of his right to file a pro se response; and (4) informing him of his right to seek discretionary review should this court hold the appeal frivolous. *See Kelly,* 436 S.W.3d at 319 (noting appellant has right to file pro se response to *Anders* brief filed by counsel). We also advised Stevenson of his right to file a pro se response and granted Robinson's motion for an extension of time to file a pro re response. *See id.* No response has been filed. *See id.*

As required by *Anders*, appellate counsel advanced three potentially arguable issues and then explains why they are without merit. Two of these issues are related to the admission of evidence and the third addresses a potential ground for an ineffective assistance of counsel claim.

First, counsel addresses trial counsel's objection to admission of State's Exhibit 2, which was a custodian of records affidavit proving up Grayson County records related to two prior arrests of Stevenson. Trial counsel objected to the affidavit because it was dated July 7, 2027, which was a future date. The trial court found the date to be a clerical error and overruled the objection. Stevenson's trial counsel stated "I understand. It's just a clerical error" and did not reurge the objection. The State cured the error by calling the records custodian as a witness. She testified the date was a clerical error and confirmed she provided the documents to the State three or four days before trial.

We review the trial court's admission of evidence and evidentiary rulings for abuse of discretion. *Ramos v. State*, 245 S.W.3d 410, 417–18 (Tex. Crim. App. 2008). The trial court does not abuse its discretion in admitting evidence unless its ruling lies "outside the zone of reasonable disagreement." *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). Under this record, we agree the trial court did not abuse its discretion. Moreover, any harm was cured by the custodian's testimony. The trial court's ruling does not present an arguable issue for appeal.

Next, appellate counsel addresses trial counsel's objections to certain testimony of Tempest Brooks, the forensic analyst who tested Stevenson's blood for its blood alcohol content. Trial counsel made two objections to Brooks' testimony. First, he objected to Brooks testifying as a physician expert when she testified to the effects of alcohol on different people and their motor functions. He later objected to Brooks responding to a hypothetical posed by the State concerning whether it would have been possible for Stevenson to have a BAC less than 0.08 at the time of the arrest. Brooks testified Stevenson would have had to drink a whole beer, a four ounce glass of wine, or a shot right before the traffic stop or while in custody to have been below 0.08 at the time of the traffic stop but measure 0.127 forty-five minutes later when his blood was drawn. Trial counsel contended the testimony was speculative. The trial court overruled both objections. Under this record, we agree the trial court did not abuse its discretion in overruling the objections to Brooks testimony because the rulings were within the zone of reasonable disagreement. The trial court's ruling does not present an arguable issue for appeal.

Finally, appellate counsel raises two possible grounds for a claim against trial counsel for ineffective assistance of counsel. Appellate counsel concludes, however, that those grounds do not present arguable issues in this direct appeal because the record is insufficient to properly review the conduct of trial counsel. We agree the potential grounds for an ineffective assistance of counsel claim raised by appellate counsel cannot be evaluated properly on the record before us. Our resolution of this

appeal is based on and limited by the record as it exists before us. Because the reasonableness of counsel's choices often involves facts that do not appear in the appellate record, a petition for writ of habeas corpus usually is the appropriate vehicle to investigate ineffective assistance claims. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Such is the case here.

To establish ineffective assistance of trial counsel, Stevenson must show: (1) his counsel's performance fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Our scrutiny of trial counsel's performance is highly deferential; that is, we presume the lawyer's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To defeat this presumption, the allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). Generally, the record on appeal will be insufficient to satisfy the first prong of the *Strickland* test. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

Here, Stevenson's appellate counsel first questions whether trial counsel's references to Stevenson's race was effective lawyering or ineffective assistance of counsel. Counsel points to trial counsel's extensive discussion of race during voir

dire, including a remark that Donald Trump had stated "he didn't want any black people counting his money," and trial counsel's statement during closing argument at punishment reminding the jury that Stevenson is "black." Appellate counsel notes the record fails to show trial counsel's goal or reasoning for raising race in this case. Appellate counsel also wonders why trial counsel did not offer Stevenson's medical records to show Stevenson had a stroke prior to his arrest and to raise questions concerning whether that stroke impacted Stevenson's performance of the field sobriety tests. The record, however, is silent as to whether medical records were available to corroborate Stevenson's statement to the arresting officer that he had recently suffered a stroke. We cannot tell from the record before us if trial counsel sought medical records and whether he should have consulted with medical experts concerning whether and how a prior stroke could have impacted Stevenson's culpability. Those potential grounds, therefore, do not present arguable issues to support a direct appeal of the judgment. Those are issues more properly addressed in an application for writ of habeas corpus.

The Texas Code of Criminal Procedure entitles an indigent habeas applicant to appointed post-conviction counsel whenever the court concludes the interests of justice require representation. TEX. CODE CRIM. PROC. art. 1.051(d)(3). A district court retains plenary power to issue a writ of habeas corpus through Article V, section 8 of the Texas Constitution. *See Ex parte Valle*, 104 S.W.3d 888, 890 (Tex. Crim. App. 2003). Stevenson, thus, may seek habeas relief in the trial court

regardless of the outcome of this appeal should he choose to do so. We express no opinion, however, on whether he is entitled to habeas relief.

## CONCLUSION

We have reviewed the record and counsel's brief. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We agree the appeal is frivolous and without merit, and we find nothing in the record that might arguably support a direct appeal of the judgment. Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

230820f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

–11–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

FLOYD STEVENSON, SR.,
Appellant

No. 05-23-00820-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial
District Court, Grayson County,
Texas
Trial Court Cause No. 075297.
Opinion delivered by Justice Partida-
Kipness. Justices Goldstein and
Miskel participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 25th day of November, 2024.