Opinion filed July 18, 2024



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00005-CV

_____

## EX PARTE A.V.

**On Appeal from the County Court at Law**
**Brown County, Texas**
**Trial Court Cause No. J00010**

## O P I N I O N

A.V. appeals the juvenile court's denial of his application for writ of habeas corpus seeking relief from his 2016 juvenile adjudication and disposition to the Texas Juvenile Justice Department. We affirm.

### *Factual Background and Procedural History*

On March 17, 2016, A.V. was adjudicated delinquent for committing the offenses of aggravated robbery and engaging in organized criminal activity, and he received a thirty-year determinate sentence. *See* TEX. FAM. CODE ANN. §§ 53.045, 54.04 (West 2022); *In re A.V.*, No. 11-22-00361-CV, 2023 WL 105214, at *1 (Tex.

App.—Eastland Jan. 5, 2023, orig. proceeding).  A.V. was committed to the custody of the Texas Juvenile Justice Department, with the possibility of transfer to the Texas Department of Criminal Justice, Institutional Division, for a term of thirty years. Prior to turning nineteen, A.V. was transferred to the Texas Department of Criminal Justice following a hearing in the juvenile court.  *See In re A.V.*, No. 11-18-00135-CV, 2020 WL 2836432, at *1 (Tex. App.—Eastland May 29, 2020, no pet.) (mem. op.).  On July 12, 2023, A.V. filed an application for writ of habeas corpus in the juvenile court, which was denied on October 20, 2023.

A.V. raises seven issues on appeal, most of which rely on his assertion that "the trial court lacked subject matter jurisdiction over the proceedings."  A.V. argues that the juvenile court's consideration of and ruling on his application violated due process because the presiding judge demonstrated a "clear bias," that the juvenile court erred by failing to appoint A.V. habeas counsel, and that the juvenile court erroneously failed to file findings of fact and conclusions of law.  *See In the Matter of A.V.*, No. 11-23-00193-CR, 2023 WL 6884277, at *1 (Tex. App.—Eastland Oct. 19, 2023, orig. proceeding).  Based on his contention that the juvenile court lacked jurisdiction, he also argues that: (1) we also lacked jurisdiction "to consider the controversy under Cause number J00010 on appeal"; (2) the juvenile court erred in denying habeas corpus relief; (3) the juvenile court erred in "refusing to take judicial notice of a fundamental error" in a separate cause number, and (4) the juvenile court "erred in sealing" a separate cause number.

In its letter brief, the State argues that we lack jurisdiction because "the juvenile court denied A.V.'s habeas corpus application without issuing a writ of habeas corpus and without holding a hearing to consider or resolve the merits of A.V.'s application."  *See Ex parte Z.Q.*, No. 14-21-00243-CV, 2022 WL 16645507, at *3 (Tex. App.—Houston [14th Dist.] Nov. 3, 2022, no pet.) (mem. op.).

*Discussion*

We first address whether we have jurisdiction over A.V.'s appeal of the juvenile court's denial of his application for writ of habeas corpus.

"Although quasi-criminal in nature, proceedings in juvenile court are considered [to be] civil cases." *In re M.P.A.*, 364 S.W.3d 277, 282 n.2 (Tex. 2012) (quoting *In re Hall*, 286 S.W.3d 925, 927 (Tex. 2009) (orig. proceeding)). The Supreme Court of Texas, rather than the Court of Criminal Appeals, is the Texas court of last resort for such matters. *Id.* This includes an application for a writ of habeas corpus, despite it not being "a normal civil suit." *Z.Q.*, 2022 WL 16645507, at *2 (citing *In re M.P.A.*, 364 S.W.3d at 282 n.2).

The authority of juvenile courts to issue writs of habeas corpus is derived from Article V of the Texas constitution. *See* TEX. CONST. art. V, § 16 (granting County Court judges "the power to issue writs necessary to enforce their jurisdiction"). Section 56.01 of the Texas Family Code limits appeals in a juvenile proceeding to certain juvenile court orders, but it "does not limit a child's right to obtain a writ of habeas corpus." FAM. § 56.01(c), (o) (West Supp. 2023). It necessarily follows that the right to appeal a ruling on a writ of habeas corpus is likewise not limited by Section 56.01. *See In re M.P.A.*, 364 S.W.3d at 282 n.2; *Ex parte T.W.A.*, No. 10-22-00022-CV, 2022 WL 3655150, at *1 (Tex. App.—Waco Aug. 24, 2022, no pet.) (mem. op.).

There is, however, no right of appeal from an order in which a juvenile court denies an application for habeas corpus without issuing a writ of habeas corpus and without addressing the merits of any claim in the application. *See Ex parte Villanueva*, 252 S.W.3d 391, 394–95 (Tex. Crim. App. 2008); *Z.Q.*, 2022 WL 16645507, at *2. Although a writ may not formally issue, a trial court's ruling on the merits may effectively issue the writ. *See Villanueva*, 252 S.W.3d at 395. Thus,

3

an evidentiary hearing is not always required, nor is it dispositive on the issue of whether the juvenile court considered the merits of a habeas application. *See In re J.W.A.*, No. 03-03-00464-CV, 2005 WL 2574024, at *4–5 (Tex. App.—Austin Oct. 13, 2005, no pet.) (mem. op.).

Here, pursuant to its order, the juvenile court "considered [A.V.'s] [a]pplication for [w]rit of [h]abeas [c]orpus" prior to its denial. Furthermore, during a hearing following an abatement of this cause, the presiding judge explained the procedural history of A.V.'s case: "[A.V.] has filed an Application for Writ of Habeas Corpus that was denied by this Court . . . and now [A.V.] has appealed that decision of this Court denying that Application for Writ of Habeas Corpus." On this record, we conclude that the juvenile court ruled on the merits of A.V.'s application. *See T.W.A.*, 2022 WL 3655150 at *2. We therefore have jurisdiction over A.V.'s appeal of the juvenile court's order.

In his first issue, A.V. asserts that the juvenile court deprived him of his due process right to an impartial judge by denying him pre-adjudication jail time credit. The federal and state constitutions guarantee an accused the right to an impartial judge. *Tovar v.* State, 619 S.W.3d 783, 791–92 (Tex. App.—San Antonio 2020, pet. ref'd) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973); *see Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006)). "When a claim of judicial bias is raised, we review the entire record to determine whether the judge's bias or prejudice denied the [accused] due process." *Id.* at 792. "Absent a clear showing of bias, a trial court's actions will be presumed to have been correct." *Brumit*, 206 S.W.3d at 645.

Here, A.V. presents nothing more than the juvenile court's calculation of jail time credit in support of his judicial bias argument. As the Supreme Court has explained, "judicial rulings alone almost never constitute a valid basis for a bias or

partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). A.V. has, therefore, failed to demonstrate that the juvenile court exhibited bias toward him in calculating jail time credit.[1] We overrule his first issue.

With respect to A.V.'s repeated attack on the juvenile court's jurisdiction, we reiterate that jurisdiction over his juvenile proceedings "lie[d] exclusively with the juvenile court," specifically, the Brown County Court at Law. *See* TEX. GOV'T CODE ANN. § 23.001 (West 2023) ("Each . . . statutory county court exercising any of the constitutional jurisdiction of either a county court or a district court has jurisdiction over juvenile matters and may be designated a juvenile court."); GOV'T § 25.0003(a), (c) (West Supp. 2023) (concurrent jurisdiction of county courts); GOV'T § 25.0272 (West 2019) (the Brown County Court at Law has jurisdiction concurrent with the district court in certain proceedings and cases, in addition to the jurisdiction provided by Section 25.003); *see also* TEX. CONST. art. V, § 16 ("County court judges shall have the power to issue writs necessary to enforce their jurisdiction."); GOV'T § 26.042(b) (civil and juvenile jurisdiction of constitutional county courts), GOV'T § 26.047 (writ powers for constitutional county courts); FAM. § 56.01(o) (the Juvenile Justice Code does not limit a juvenile's right to obtain a writ of habeas corpus).[2]

---

[1]A.V. also made an argument regarding his jail time credit in a previous appeal before this court. *A.V.*, 2023 WL 105214, at *1. Here, however, he appears to reframe the issue to argue that the amount of jail time credit that he received shows bias on the part of the juvenile court. A.V. may not relitigate this same issue in an appeal of the trial court's denial of his application for writ of habeas corpus under the guise of a judicial bias argument. As we have said, to correct alleged time credit errors in the judgment, A.V. must file a motion for a judgment nunc pro tunc with the juvenile court. *See id.* (citing *Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004)). It does not appear that A.V. has attempted to address the alleged time-credit issues by a motion for a judgment nunc pro tunc.

[2]Additionally, the local rules of practice for Brown and Mills Counties designate the Brown County Court as the juvenile court for juvenile cases in Brown County, and the rules provide that the Brown County Court at Law shall serve as the juvenile court in the event the County Judge is not a licensed attorney. *See* BROWN AND MILLS (TEX.) LOC. R. 1.1(b)(1) (35th District Court and constitutional county courts of each county); FAM. 51.04(b) (one or more courts must be designated as the juvenile court). We note that A.V.'s

Because the Brown County Court at Law had jurisdiction over A.V.'s adjudication, we overrule A.V.'s second, third, and sixth issues, which rest on his jurisdictional claim. *See* TEX. R. APP. P. 47.1.

A.V.'s fourth issue reads: "The trial court fundamentally erred in refusing to take judicial notice of a fundamental error [in another cause number] when requested because the error affected [A]ppellant's substantial rights and could not be waived." We conclude that A.V. has waived his fourth issue due to inadequate briefing and we therefore overrule it. *See* TEX. R. APP. P. 38.1(i); *see also Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000); *Heiselbetz v. State*, 906 S.W.2d 500, 512 (Tex. Crim. App. 1995) ("From appellant's brief, we cannot discern his specific arguments, and we will not brief appellant's case for him.").

A.V. argues in his fifth issue that "the trial court erred in refusing to file requested findings of fact and conclusions of law." Because juvenile proceedings are considered to be civil cases, they are generally governed by the Texas Rules of Civil Procedure. *See* FAM. § 51.17; *Hall*, 286 S.W.3d at 927; *In re R.J.H.*, 79 S.W.3d 1, 6 (Tex. 2002) ("The Family Code, which governs juvenile delinquency proceedings in Texas, requires that they be conducted under the Texas Rules of Civil Procedure[.]"); *see also In re Dorsey*, 465 S.W.3d 656, 657 (Tex. Crim. App. 2015) (Richardson, J., concurring) ("Except when in conflict with a provision of the Family Code, the Texas Rules of Civil Procedure govern juvenile proceedings."). Accordingly, the Texas Rules of Civil Procedure regarding district court findings govern this issue. *See In re N.G.-D.*, No. 03-14-00437-CV, 2016 WL 105948, at *1–2 (Tex. App.—Austin Jan. 8, 2016, no pet.) (mem. op.).

---

adjudication occurred in the Brown County Court at Law, and the judge currently presiding over the Brown County Court was the county attorney at the time A.V. was adjudicated. *See In re A.V.*, 2023 WL 6884277, at *2 n.1; *A.V.*, 2020 WL 2836432, at *1; *A.V.*, 2017 WL 2484348, at *1; *see also In re K.E.M.*, 89 S.W.3d 814, 817 (Tex. App.—Corpus Christi–Edinburg 2002, orig. proceeding).

Rule 296 of the Texas Rules of Civil Procedure require a formal request to be filed within twenty days of the judgment before a district court is obligated to make written findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296–297. Findings of fact and conclusions of law are only required after a trial. *Id.*; *see, e.g.*, *Ex parte Ross*, No. 12-16-00078-CV, 2017 WL 605090, at *2 n.1 (Tex. App.—Tyler Feb. 15, 2017, no pet.) (mem. op.) (holding that the trial court was not obligated to file findings of fact and conclusions of law under Rule 296). The juvenile court was, therefore, not required to file findings of fact and conclusions of law regarding its denial of A.V.'s application for writ of habeas corpus.

Even if A.V. were entitled to findings and conclusions upon his timely request and notice, nothing in the record indicates that he "serve[d] [his request] on all other parties in accordance with Rule 21a." *See* TEX. R. CIV. P. 21a, 296. He thus waived his right to challenge the juvenile court's failure to file findings of fact and conclusions of law. *See In re J.J.R.*, 599 S.W.3d 605, 611–12 (Tex. App.—El Paso 2020, no pet.). Consequently, A.V.'s fifth issue is overruled.

Finally, A.V. contends in his seventh issue that he was erroneously denied appointment of habeas counsel. It is a well-established principle of federal and state law that no constitutional right to effective assistance of counsel exists on a writ of habeas corpus. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ex parte Graves*, 70 S.W.3d 103, 110 (Tex. Crim. App. 2002); *Ex parte Mines*, 26 S.W.3d 910, 913–16 (Tex. Crim. App. 2000). Indeed, while "the [Juvenile Justice] Code provides a right to appointed counsel in a number of different circumstances . . . a post-adjudication habeas corpus proceeding is not one of them." *Hall*, 286

S.W.3d at 930. Acting pro se, A.V. has raised several legal issues in a multitude of filings, cited authority, and adequately preserved and presented various complaints for our review. Having concluded that he has no constitutional or statutory right to appointed counsel in this circumstance, we overrule his seventh issue.

*This Court's Ruling*

We affirm the order of the trial court.

W. BRUCE WILLIAMS
JUSTICE

July 18, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.