NO. 15-25-00134-CV

ACCEPTED
15-25-00134-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/22/2025 9:12 AM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/22/2025 9:12:51 AM
CHRISTOPHER A. PRINE
Clerk

# In the
# Fifteenth Court of Appeals
# Austin, Texas

TEXAS ASSOCIATION OF SCHOOL BOARDS RISK MANAGEMENT FUND,

*Appellant,*

v.

SOUTHWEST TEXAS JUNIOR COLLEGE,

*Appellee.*

Appeal from the 38th Judicial District Court
Uvalde County, Texas, No. 2023-11-35269-CV
The Honorable Kelley T. Kimble, Presiding Judge

## RESPONSE BRIEF OF CROSS-APPELLEE TEXAS ASSOCIATION OF SCHOOL BOARDS RISK MANAGEMENT FUND

Jack W. Higdon
Texas Bar No. 24007360
jack.higdon@blankrome.com
Barry Abrams
Texas Bar No. 00822700
barry.abrams@blankrome.com
Joshua A. Huber
Texas Bar No. 24065457
josh.huber@blankrome.com
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002-2727
Telephone: (713) 228-6601
*Attorneys for Cross-Appellee*

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

PARTIES TO THE TRIAL COURT'S ORDER:

CROSS-APPELLANT:          Southwest Texas Junior College

CROSS-APPELLEE:           Texas Association of School Boards Risk Management Fund

TRIAL AND APPELLATE COUNSEL:

FOR CROSS-APPELLANTS:    Preston J. Dugas III (*Trial and Appellate*)
State Bar No. 24050189
pdugas@dcclawfirm.com
Vincent P. Circelli (*Trial and Appellate*)
State Bar No. 24058804
vcircelli@dcclawfirm.com
Andrew D. Spadoni (*Trial and Appellate*)
State Bar No. 24109198
aspadoni@dcclawfirm.com
Sarah Arroyo (*Trial and Appellate*)
State Bar No. 24138756
sarroyo@dcclawfirm.com
DUGAS & CIRCELLI, PLLC
4800 Bryant Irvin Ct.,
Fort Worth, Texas 76107

FOR CROSS-APPELLEES:    Jack W. Higdon (*Trial and Appellate*)
State Bar No. 24007360
jack.higdon@blankrome.com
Barry Abrams (*Appellate*)
State Bar No. 00822700
barry.abrams@blankrome.com
Joshua A. Huber (*Appellate*)
State Bar No. 24065457
josh.huber@blankrome.com
Gregory J. Moore (*Trial*)
State Bar No. 24055999
greg.moore@blankrome.com

i

Christopher W. Caudill (*Trial*)
State Bar No. 24104717
christopher.caudill@blankrome.com
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002-2727

Clarissa M. Rodriguez (*Trial and Appellate*)
State Bar No. 24056222
cmrodriguez@rampagelaw.com
Lori Hanson (*Trial*)
State Bar No. 21128500
lwhanson@rampagelaw.com
DENTON NAVARRO RODRIGUEZ BERNAL
SANTEE & ZECH, P.C.
2517 N. Main Avenue
San Antonio, Texas 78212

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL...............................................i

STATEMENT REGARDING ORAL ARGUMENT ................................1

ABBREVIATIONS AND RECORD REFERENCES ............................2

I.    STATEMENT OF THE CASE .......................................................3

II.   ISSUES PRESENTED ..................................................................4

III.  STATEMENT OF FACTS .............................................................5

IV.  SUMMARY OF THE ARGUMENT ............................................5

V.   STANDARD OF REVIEW ...........................................................7

VI.  ARGUMENT ................................................................................9

     A.    THE FUND IS A GOVERNMENTAL ENTITY WITH IMMUNITY FROM SUIT. ..................................................................................9

     B.    THE LEGISLATURE GRANTED A LIMITED IMMUNITY WAIVER FOR CLAIMS TO ENFORCE EXPRESS CONTRACT TERMS AND RECOVER DEFINED CATEGORIES OF DAMAGES .........................10

     C.    THE ACT DOES NOT WAIVE THE FUND'S IMMUNITY FROM THE COLLEGE'S CONSEQUENTIAL DAMAGES CLAIM. ................11

         1.    The Legislature Did Not Grant a General Waiver of Immunity for Consequential "Delay Damages" ..........11

         2.    The Fund is Not the Property Owner and Therefore Cannot Impose "Owner-Caused" Construction Delays or Acceleration. ...............................................14

VII.  PRAYER ......................................................................... 19

CERFITICATE OF COMPLIANCE....................................................... 20

CERFITICATE OF SERVICE.............................................................. 21

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex.
Political Subdivisions Prop./Cas. Joint Self-Ins. Fund,*
212 S.W.3d 320 (Tex. 2006) ................................................................9

*Tex. Ass'n of Sch. Bds. Risk Mgmt. Fund v. Benavides
Indep. Sch. Dist.,*
221 S.W.3d 732 (Tex. App.—San Antonio 2007, no pet.)...................10

*Bland Indep. Sch. Dist. v. Blue,*
34 S.W.3d 547 (Tex. 2000) .............................................................8, 9

*City of Corpus Christi v. Graham Construction Services, Inc.*
No. 13-19-00367-CV, 2020 Tex. App. LEXIS 4734 (Tex.
App. - Corpus Christi June 25, 2020, pet. denied) ......................17, 18

*City of Houston v. Jackson,*
192 S.W.3d 764 (Tex. 2006) ...........................................................8, 14

*City of Mesquite v. PKG Contracting, Inc.,*
263 S.W.3d 444 (Tex. App.—Dallas 2008, pet. denied).....................18

*City of San Antonio v. Maspero,*
640 S.W.3d 523 (Tex. 2022) ................................................................9

*Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.,*
19 S.W.3d 393 (Tex. 2000) .................................................................12

*Cty. of Galveston v. Triple B Servs., LLP,*
498 S.W.3d 176 (Tex. App.—Houston [1st Dist.] 2016, pet.
denied)................................................................................................14

*DART v. Whitley,*
104 S.W.3d 540 (Tex. 2003) ...........................................................7, 10

*Garland Indep. Sch. Dist. v. Reeder Gen. Contractors, Inc.*,
No. 05- 22-00855-CV, 2024 Tex. App. LEXIS 2046 (Tex.
App.—Dallas Mar. 21, 2024, pet. denied) ........................................... 18

*Green Intern., Inc. v. Solis*,
951 S.W.2d 384 (Tex. 1997) (Gonzalez, J., dissenting) ...................... 14

*In re Hall*,
286 S.W.3d 925 (Tex. 2009) ................................................................. 15

*ISI Contracting, Inc. v. Metro. Transit Auth. of Harris Cty.*,
No. 14-24-00119-CV, 2025 Tex. App. LEXIS 5771 (Tex.
App.—Houston [14th Dist.] Aug. 5, 2025, no pet. h.)......... 5, 12, 13, 19

*Reata Constr. Corp. v. City of Dallas*,
197 S.W.3d 371 (Tex. 2006) ................................................................... 8

*San Jacinto River Auth. v. City of Conroe*,
688 S.W.3d 124 (Tex. 2024) ................................................................. 10

*Tex. Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004) ........................................................ 7, 8, 9

*Wichita Falls State Hosp. v. Taylor*,
106 S.W.3d 692 (Tex. 2003) ................................................................... 8

*Zachry Constr. Corp. v. Port of Hous. Auth. of Harris Cty.*,
449 S.W.3d 98 (Tex. 2014) ............................................. 11, 12, 13, 18

## Statutes

Tex. Gov't. Code
§ 311.034 ............................................................................................... 8
§ 791.001 ............................................................................................... 9
§ 2259 .................................................................................................... 9
§ 2259.002 ............................................................................................. 9
§ 2259.031(a) ......................................................................................... 9

Tex. Loc. Gov't Code
  § 271.151 ........................................................................... 5
  § 271.151(2)(A) .......................................................... 5, 11
  § 271.152 ................................................................. *passim*
  § 271.153 ...................................................... 4, 11, 12, 16
  § 271.153(a)(1).......................................................... *passim*
  § 271.153(a)(2).............................................................. 16
  § 271.153(b)(1)............................................................. 13

## Other Authorities

House Research Org., Bill Analysis, Tex. H.B. 2039
  79th Leg., R.S. (2005) ............................................... 6, 15

Senate Research Ctr., Bill Analysis, Tex. H.B. 2039
  79th Leg., R.S. (2005) ...................................................... 7

TEX. R. APP. P. 9.7................................................................. 5

# STATEMENT REGARDING ORAL ARGUMENT

Counsel for Cross-Appellee requests oral argument because it may assist the Court in understanding the procedural aspects of the case below and afford the members of the Court the opportunity to ask counsel for Cross-Appellant and Cross-Appellee any questions they may have about the record and the jurisdictional matters involved.

# ABBREVIATIONS AND RECORD REFERENCES

## Abbreviations

"Fund" refers to Appellant/Cross-Appellee, Texas Association of School Boards Risk Management Fund.

"College" refers to Appellee/Cross-Appellant, Southwest Texas Junior College.

## Record References

References to the Clerk's Record are abbreviated "CR [pg#]."

References to the Supplemental Clerk's Record are abbreviated "SCR [pg#]."

References to the Reporter's Record are abbreviated "RR [pg#]:[ln#]."

# I.
## STATEMENT OF THE CASE

*Nature of the Case:*   This is an intergovernmental contract dispute. The College seeks replacement cost value benefits under a self-insurance contract between it and other members of the Fund, for property damage allegedly sustained during an April 2021 hailstorm.

Claiming a waiver of the Fund's governmental immunity from suit and liability under TEX. LOC. GOV'T CODE § 271.152, the College seeks damages for coverage that does not exist under the coverage documents – *i.e.*, replacement cost value benefits for property damage that has not been repaired nor replaced – based upon the equitable theories of waiver and unconscionability, and allegations that the Fund committed fraud and/or acted in bad faith.

*Course of Proceedings:*   The College sued the Fund on November 17, 2023,[1] and the Fund asserted its governmental immunity from suit in an amended answer and partial plea to the jurisdiction on June 13, 2025 ("Jurisdictional Plea").[2] The Jurisdictional Plea asserted that no waiver of the Fund's immunity from suit and liability exists for the College's: (1) equitable theories of waiver and unconscionability, (2) intentional tort theories of fraud and bad faith, or (3) claims for consequential, exemplary, or treble damages.[3]

---

[1]   CR 5-21.

[2]   CR 31-103.

[3]   CR 37-43.

3

The College responded to the Jurisdictional Plea on July 18, 2025.[4/] The trial court held an oral hearing on the Jurisdictional Plea on July 21, 2025.[5/]

*Trial Court Disposition*: The Jurisdictional Plea was granted in part and denied in part, on July 30, 2025.[6/] The trial court partially granted the Jurisdictional Plea regarding the College's claims for consequential, exemplary, and treble damages and dismissed those claims with prejudice for lack of subject matter jurisdiction. The trial court partially denied the Jurisdictional Plea regarding the College's equitable and intentional tort theories.

## II.
## ISSUE PRESENTED

Did the trial court err when it granted the Fund's Jurisdictional Plea as it pertained to the College's claim for consequential damages, where TEX. LOC. GOV'T CODE § 271.153 specifically does not waive the Fund's governmental immunity for consequential damages other than an "amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration." [*Germane to Cross-Appellant's Issue 1*].

---

[4/] CR 106-123.

[5/] CR 104.

[6/] CR 137-138.

4

III.
### STATEMENT OF FACTS

Pursuant to TEX. R. APP. P. 9.7, the Fund adopts and incorporates by reference the Statement of Facts in the Brief of Appellant filed by the Fund in this appeal.

IV.
### SUMMARY OF THE ARGUMENT

TEX. LOC. GOV'T CODE §§ 271.151, *et. seq.* (the "Act") created a narrow immunity waiver to adjudicate claims for breach of the express terms of government contracts. *Id.* §§ 271.151(2)(A), 271.152. This limited immunity waiver is restricted to adjudication awards for defined types of damages, which the Legislature expressly stated does not encompass any claim for consequential damages other than "the increased cost to perform . . . as a direct result of *owner-caused* delays or acceleration." *Id.* §§ 271.153(a)(1), (b)(1) (emphasis added).

The Fund is immune from the College's consequential damages claim because the College, and not the Fund, is the property "owner" in this case, and the Fund therefore cannot impose "owner-caused" construction delays or acceleration under any set of facts. *ISI Contracting, Inc. v. Metro. Transit Auth. of Harris Cty.*, No. 14-24-00119-

CV, 2025 Tex. App. LEXIS 5771, at *38-39 (Tex. App.—Houston [14th Dist.] Aug. 5, 2025, no pet. h.) ("[T]o the extent a breach-of-contract claim seeks . . . delay damages that are not 'any amount owed as compensation for the increased cost to perform the work as a direct result of **owner-caused delays**,' there is no clear and unambiguous waiver of governmental immunity under the Act.") (quoting TEX. LOC. GOV'T CODE § 271.153(a)(1)) (emphasis added).

The plain and ordinary meaning of the statutory text does not support the College's contrary position that the phrase "owner-caused delays" in the Act does not refer to property "owners." When the Legislature authorized a recovery of damages for the "increased cost to perform the work *as a direct result of <u>owner-caused</u>* delays or acceleration," it did so in the context of contractor plaintiffs who contract to perform work on government owned property. That construction of the statute is consistent with the Act's legislative history, which emphasizes the Act's significance to construction contractors. *See also* House Research Org., Bill Analysis, Tex. H.B. 2039, 79th Leg., R.S. (2005) (explaining that proponents of Section 271.152 had argued that it would "bring fairness to business relationships between **contractors** and

6

local government entities," avoid "a fundamentally unfair situation that denie[d] redress . . . to a *contractor* who completed a project for a city that refused to pay," and address the concerns of *contractors* who "do not bid for local government contracts."); Senate Research Ctr., Bill Analysis, Tex. H.B. 2039, 79th Leg., R.S. (2005).

By its plain terms, Section 271.153(a)(1), does not apply here because the Fund is not the "owner" of the relevant properties and the College did not allege or adduce any jurisdictional evidence that it had incurred increased costs to perform work as a direct result of *its* own "owner-caused" delays or acceleration.

## V.
## STANDARD OF REVIEW

Government entities remain immune from suit and liability except to the extent the Legislature has expressly waived that immunity. *See DART v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). Immunity waivers must be based on the application of a statute and the extent of any waiver is limited by that statute's text. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plaintiff that sues a governmental unit must affirmatively demonstrate the court's jurisdiction by alleging a statutory immunity waiver. *DART*, 104 S.W.3d at 542.

Because a waiver of governmental immunity "may hamper governmental functions by requiring tax resources to be used for defending lawsuits and paying judgments rather than using those resources for their intended purposes," the Texas Supreme Court has instructed that such waivers must be "clearly and unambiguously stated." *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 375 (Tex. 2006); *see* TEX. GOV'T CODE §311.034. Statutes waiving immunity therefore are "strictly construed," *City of Houston v. Jackson*, 192 S.W.3d 764, 770 (Tex. 2006), and courts "generally resolve ambiguities by retaining immunity." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003).

A plea to the jurisdiction contests a court's subject matter jurisdiction to decide all or some of the issues in a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).The applicable procedural standard "generally mirrors that of a summary judgment." *Miranda*, 133 S.W.3d at 228.

To determine if the plaintiff has met its burden to demonstrate a viable claim subject to a statutory immunity waiver, a court must "consider the facts alleged by the plaintiff and, to the extent it is relevant

8

to the jurisdictional issue, the evidence submitted by the parties." *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554. To avoid dismissal, plaintiffs "must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction." *Miranda*, 133 S.W.3d at 227.

A trial court's grant or denial of an assertion of governmental immunity is reviewed de novo. *City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022).

## VI.
## ARGUMENT

### A. THE FUND IS A GOVERNMENTAL ENTITY WITH IMMUNITY FROM SUIT.

The Fund is an intergovernmental self-insurance risk pool operating under the Texas Interlocal Cooperation Act, TEX. GOV'T CODE §§ 791.001, *et seq.*; and Chapter 2259 of the Government Code. It was created by its local governmental members to administer their self insurance funds, as authorized by the Legislature. *Id.*, § 2259.031(a). In creating a risk pool, the parties to the interlocal agreement did not waive the Fund's immunity, *id.* § 2259.002, which it enjoys to the same extent as any other Texas political subdivision. *See Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint*

9

*Self-Ins. Fund*, 212 S.W.3d 320, 326 (Tex. 2006); *Tex. Ass'n of Sch. Bds. Risk Mgmt. Fund v. Benavides Indep. Sch. Dist.*, 221 S.W.3d 732, 737 (Tex. App.—San Antonio 2007, no pet.).

The College therefore cannot proceed with its consequential damages claim unless it first satisfies its burden to establish a legislative waiver of the Fund's immunity with respect to that claim. *DART*, 104 S.W.3d at 542; *San Jacinto River Auth. v. City of Conroe*, 688 S.W.3d 124, 133 (Tex. 2024) ("jurisdiction is determined on a claim-by-claim basis").

**B. THE LEGISLATURE GRANTED A LIMITED IMMUNITY WAIVER FOR CLAIMS TO ENFORCE EXPRESS CONTRACT TERMS AND RECOVER DEFINED CATEGORIES OF DAMAGES.**

The College alleges that the Legislature waived the Fund's immunity through TEX. LOC. GOV'T CODE § 271.152,[7] which states:

> "*A local governmental entity* that is authorized by statute or the constitution to enter into a contract and *that enters into a contract subject to this subchapter waives sovereign immunity* to suit *for the purpose of adjudicating a claim for breach of the contract*, subject to the terms and conditions of this subchapter." (emphasis added).

The Act defines the term "contract subject to this subchapter" as "a *written contract stating the essential terms* of the agreement for

---

[7] CR 6.

10

providing goods or services to the local government entity *that is properly executed on behalf of the local governmental entity.*" *Id.*, § 271.151(2)(A)(emphasis added).

The scope of the Act's immunity waiver is further narrowed by Section 271.153, which expressly excludes the recovery of consequential damages other than "the increased cost to perform . . . as a direct result of **_owner-caused_** delays or acceleration. *Id.* §§ 271.153(a)(1), (b)(1) (emphasis added); *Zachry Constr. Corp. v. Port of Hous. Auth. of Harris Cty.*, 449 S.W.3d 98, 110 (Tex. 2014) ("*Zachry*") ("Section 271.152 uses Section 271.153 to further define to what extent immunity has been waived.").

C.   THE ACT DOES NOT WAIVE THE FUND'S IMMUNITY FROM THE COLLEGE'S CONSEQUENTIAL DAMAGES CLAIM.

1.   <u>The Legislature Did Not Grant a General Waiver of Immunity for Consequential "Delay Damages."</u>

The College incorrectly characterizes Section 271.153 as a general immunity waiver for any claim for consequential "delay damages." *See* College Brief at 12 ("At worst Plaintiff has presented clear evidence that its pleadings seek delay damages that the Texas legislature has specifically permitted recovery for."); 13 ("The Texas legislature included

11

explicit language allowing for the recovery of delay damages under the Act . . .”). That interpretation would require the Court to excise the phrase “owner-caused” from Section 271.153(a)(1) altogether. *See Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 402 (Tex. 2000) (noting that courts must “give effect to all words of a statute, and, if possible, [ ] not treat any statutory language as mere surplusage.”).

When it adopted the Act, the Legislature confined its consequential damages immunity waiver to “owner-caused delays.” The Fund is not “improperly attempt[ing] to narrow the statute” by giving effect to all of the Legislature’s words. *See* College Brief at 23. Other courts have recently correctly read the Act as the Fund does. In *ISI Contracting, Inc. v. Metro. Transit Auth. of Harris Cty.*, for example, the Fourteenth Court of Appeals recently analyzed this issue and observed that the Act does not embody a general waiver of immunity for all alleged delay damages:

> In construing these provisions in *Zachry*, the Supreme Court of Texas concluded that section 271.153 allows recovery of only one type of consequential damages in the adjudication in question— “amount[s] owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays.” *See* [TEX. LOC. GOV’T CODE] § 271.153; *Zachry Constr. Corp.*, 449 S.W.3d at 110-12. . . . . [G]iven the Supreme Court’s statement that “[d]elay damages are consequential damages,” we conclude that in the context of the Act the *Zachry* precedent mandates the conclusion that

any delay damages other than "amount[s] owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays" are consequential damages disallowed under section 271.153(b)(1). *See Zachry Constr. Corp.*, 449 S.W.3d at 110-12, 114, n.71.

Therefore, **to the extent a breach-of-contract claim by [plaintiff] seeks . . . delay damages that are not "any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays,"** the trial court did not err by impliedly determining that (1) **the clear and unambiguous waiver of governmental immunity under the Act does not apply to the claim**[.]

2025 Tex. App. LEXIS 5771, at *37-39 (emphasis added).

The College ultimately concedes that "owner-caused" delays are the only type of consequential delay damages for which the Legislature has expressly waived immunity, but maintains that it has pleaded consequential delay damages that supposedly are "***nearly identical*** to what the legislature has expressly allowed a claimant to recover in a breach of contract case against a governmental entity." *See* College Brief at 23 (emphasis added). Use of the telling phrase "nearly identical" confirms that the College is trying to sidestep the standard applicable when determining the scope of statutory immunity waivers, which the Texas Supreme Court has instructed must be "strictly construed." *Jackson*, 192 S.W.3d at 770.

13

2.  <u>The Fund is Not the Property Owner and Therefore Cannot Impose "Owner-Caused" Construction Delays or Acceleration.</u>

According to the College, because the phrase "owner-caused delays" is not defined in the Act, that term does not necessarily mean the owner of property, and the Fund therefore could be held liable for delay damages as "the owner of [the Fund's] risk management programs, including property coverage." *See* College Brief at 25. But the plain and ordinary meaning of the statutory text does not support the College's position, because the term "owner-caused delays" plainly refers to "delay damages" in the construction context.[8/]

"'Delay damages' is a term of art in the construction industry . . . ." *Green Intern., Inc. v. Solis*, 951 S.W.2d 384, 393 (Tex. 1997) (Gonzalez, J., dissenting). It refers to construction damages "'arising out of delayed completion, suspension, acceleration or disrupted performance'; these damages compensate the contracting party that is injured when a project

---

[8/]  In any event, the Fund does not "own" anything, and the College adduced no evidence that the Fund purportedly is "the owner of [the Fund's] risk management programs, including property coverage." *See* College Brief at 25. The Fund is an "administrative agency" created by its governmental entity members, including the College, to perform risk management services and governmental functions relative to the administration of its members' collective agreement to self-insure against various risks. *See* CR 56.

14

takes longer than the construction contract specified." *Cty. of Galveston v. Triple B Servs., LLP*, 498 S.W.3d 176, 181 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (citing Phillip J. Bruner & Patrick J. O'Connor, 5 Construction Law § 15:29 (2002)). When the Legislature authorized a recovery of damages for the "increased cost to perform the work *as a direct result of <u>owner-caused</u>* delays or acceleration," it did so in the context of a contractor plaintiff who is party to a written contract to perform work on property owned by a defendant local governmental entity.

That construction of the statute also is consistent with the Act's legislative history, which emphasizes the Act's importance to construction contractors. *See also* House Research Org., Bill Analysis, Tex. H.B. 2039, 79th Leg., R.S. (2005) (explaining that proponents of Section 271.152 had argued that it would "bring fairness to business relationships between ***contractors*** and local government entities," avoid "a fundamentally unfair situation that denie[d] redress . . . to a ***contractor*** who completed a project for a city that refused to pay," and address the concerns of ***contractors*** who "do not bid for local government contracts."); Senate Research Ctr., Bill Analysis, Tex. H.B. 2039, 79th Leg., R.S.

(2005).

Moreover, Texas courts "will not give an undefined term a meaning that is out of harmony or inconsistent with other terms in the statute." *In re Hall*, 286 S.W.3d 925, 929 (Tex. 2009). Where, as here, "a different, more limited, or precise definition is apparent from the term's use in the context of the statute, [courts] apply that meaning." *Id.* Other provisions in the Act confirm that the Legislature used the phrase "owner-caused delays" in the context of a local government property owner. For example, the only other category of damages for which a waiver of immunity in Section 271.153 exists beyond the "amount due and owing under the contract," is for amounts owed pursuant to "***change orders or additional work the contractor is directed to perform by a local governmental entity*** in connection with the contract." *See* TEX. LOC. GOV'T CODE § 271.153(a)(2) (emphasis added). The context in which the Legislature adopted Sections 271.153(a)(1)-(2) of the Act is self-evident: to allow construction contractors to recover increased costs to perform a contract subject to the Act that are caused by a local government property owner's delays, acceleration, or change orders.

By its plain terms, Section 271.153(a)(1), does not apply here

16

because the College – *not* the Fund – is the "owner" of the relevant properties[9] and the College did not allege or adduce any jurisdictional evidence that it had incurred increased costs to perform work as a direct result of *its* own "owner-caused delays or acceleration."

The College's characterization of *City of Corpus Christi v. Graham Construction Services, Inc.* as having "rejected a similar argument" is wrong. *See* College Brief at 23-25. In *Graham Construction Services, Inc.*, the City of Corpus Christi (the "City") was sued for delay damages under Section 271.153(a)(1) by a construction contractor hired to build a waste treatment plant for the City. *See* No. 13-19-00367-CV, 2020 Tex. App. LEXIS 4734, at *2-4 (Tex. App.—Corpus Christi June 25, 2020, pet. denied). The City argued that its immunity was not waived under Section 271.153(a)(1) because the alleged construction delays had been caused by the City's independent contractor, Carollo, not by the City-owner itself. *Id.* at *7. The *Graham Construction* court found a jurisdictional fact issue existed that allowed the claim to proceed because the construction contract at issue specifically identified the City's independent contractor, Carollo, as the "Owner's Representative." *Id.* Thus, whether the alleged

---

[9] CR 5 ("[The College] owns the property made the basis of this suit . . .").

17

construction delays had been caused directly by the City-owner, or indirectly by the City-owner's contractually designated owner-representative, the alleged delays were attributable to the City, which was the owner of the property being constructed.

*Graham Construction* does not stand for the proposition that a waiver of immunity exists for delay damages under Section 271.153(a)(1) in the non-construction context, simply because a plaintiff asserts that the government defendant "owns" something.

The other authorities the College cites do not support its argument that the Fund's immunity has been waived for consequential delay damages because the Fund is "the owner of [its] risk management programs, including property coverage." *See* College Brief at 25. Every case the College cites involved claims by construction contractors against local government property owners. *See Zachry*, 449 S.W.3d at 101 ("Petitioner, Zachry Construction Corporation, contracted to construct a wharf on the Bayport Ship Channel for respondent, the Port of Houston Authority of Harris County, Texas."); *Garland Indep. Sch. Dist. v. Reeder Gen. Contractors, Inc.*, No. 05- 22-00855-CV, 2024 Tex. App. LEXIS 2046, at *2 (Tex. App.—Dallas Mar. 21, 2024, pet. denied) ("Reeder sued the

18

District for breach of contract, alleging the two parties executed a contract for Reeder to perform construction work at several district campuses."); *City of Mesquite v. PKG Contracting, Inc.*, 263 S.W.3d 444, 448 (Tex. App.—Dallas 2008, pet. denied) ("PKG contracted with the City [of Mesquite] to construct a storm drainage system.").

Because the College does not seek delay damages that are the "direct result of owner-caused delays," the clear and unambiguous damages immunity waiver in the Act does not apply, and the trial court properly granted the Fund's Jurisdictional Plea regarding the College's consequential damages claim. *ISI Contracting, Inc.*, 2025 Tex. App. LEXIS 5771, at *39.

## VII.
## PRAYER

The Fund respectfully prays that the Court affirm the trial court's partial grant of the Fund's Jurisdictional Plea, and grant all other and further relief to which the Fund may be entitled.

Respectfully submitted,

By: /s/ *Jack W. Higdon*
    Jack W. Higdon
    jack.higdon@blankrome.com
    State Bar No. 24007360
    Barry Abrams
    barry.abrams@blankrome.com
    State Bar No. 00822700
    Joshua A. Huber
    josh.huber@blankrome.com
    State Bar No. 24065457
    BLANK ROME LLP
    717 Texas Avenue, Suite 1400
    Houston, Texas 77002-2727
    (713) 228-6601
    (713) 228-6605 (Fax)

    ATTORNEYS FOR CROSS-APPELLEE,
    TEXAS ASSOCIATION OF SCHOOL
    BOARDS RISK MANAGEMENT FUND

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4(i)(3), I certify that this brief complies with the type-volume restrictions of TEX. R. APP. P. 9.4(e), (i)(2)(B). Exclusive of the portions exempted by Rule 9.4(i)(1), this brief contains 2,998 words.

    /s/ *Jack W. Higdon*
    Jack W. Higdon

20

## CERTIFICATE OF SERVICE

I certify pursuant to TEX. R. APP. P. 9.5(b)(1) that a true and correct copy of the foregoing and/or attached instrument was electronically served on counsel for all parties on October 22, 2025, through the Fifteenth District Court of Appeals' electronic filing manager, as indicated below:

**Via Electronic Service:**
Preston J. Dugas III
pdugas@dcclawfirm.com
Vincent P. Circelli
vcircelli@dcclawfirm.com
Andrew D. Spadoni
aspadoni@dcclawfirm.com
Sarah Arroyo
sarroyo@dcclawfirm.com
DUGAS & CIRCELLI, PLLC
4800 Bryant Irvin Ct.,
Fort Worth, Texas 76107

*/s/ Jack W. Higdon*
Jack W. Higdon

21

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Penny Johnson on behalf of Jack Higdon
Bar No. 24007360
pljohnson@blankrome.com
Envelope ID: 107137917
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Response Brief of Cross-Appellee Texas Association of School Boards Risk Management Fund
Status as of 10/22/2025 9:21 AM CST

Associated Case Party: Texas Association of School Boards Risk Management Fund

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Barry Abrams | | barry.abrams@blankrome.com | 10/22/2025 9:12:51 AM | SENT |
| Jack Higdon | | jack.higdon@blankrome.com | 10/22/2025 9:12:51 AM | SENT |
| Joshua Huber | | josh.huber@blankrome.com | 10/22/2025 9:12:51 AM | SENT |
| Penny Johnson | | penny.johnson@blankrome.com | 10/22/2025 9:12:51 AM | SENT |
| Liniuse Umunna | | Liniuse.Umunna@blankrome.com | 10/22/2025 9:12:51 AM | SENT |
| Noorhan Chahal | | noorhan.chahal@blankrome.com | 10/22/2025 9:12:51 AM | SENT |
| Clarissa Rodriguez | | cmrodriguez@rampagelaw.com | 10/22/2025 9:12:51 AM | SENT |
| Yvette Manzano | | yvette.manzano@blankrome.com | 10/22/2025 9:12:51 AM | SENT |
| Christopher W.Caudill | | Christopher.Caudill@BlankRome.com | 10/22/2025 9:12:51 AM | SENT |
| Gregory J.Moore | | Greg.Moore@BlankRome.com | 10/22/2025 9:12:51 AM | SENT |

Associated Case Party: Southwest Texas Junior College

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Amy Easley | | aeasley@dcclawfirm.com | 10/22/2025 9:12:51 AM | SENT |
| Preston J.Dugas III | | pdugas@dcclawfirm.com | 10/22/2025 9:12:51 AM | SENT |
| Vincent P. Circelli | | vcircelli@dcclawfirm.com | 10/22/2025 9:12:51 AM | SENT |
| Andrew D. Spadoni | | aspadoni@dcclawfirm.com | 10/22/2025 9:12:51 AM | SENT |
| Sarah Arroyo | | sarroyo@dcclawfirm.com | 10/22/2025 9:12:51 AM | SENT |